THE PRESIDENT, DIRECTORS, & CO., OF THE BANK OF SALINA, defendants in error, *agt.* HENRY & PIERCE, plaintiffs in error.

### *Questions discussed.*

1. Whether a witness called as a *mere witness* and not as a *party* under the usury law, to prove, under the *plea of the general issue*, that a promissory note was *usurious* and *void*, was bound to answer, notwithstanding the objection, that his doing so might form a link in the chain of testimony tending to convict him of a misdemeanor, or expose him to a penalty or forfeiture?

2. Whether under the notice annexed to the plea, in pursuance of the Usury Act of 1837, the defendant might prove by the witness, (who was not a party to the record,) that he was the "*plaintiff in interest,*" and also the "*usurious agreement*" on discounting the note? Or, whether the fact that the witness was the plaintiff in interest, must not be proved by some other witness?

3. Whether the statute of limitations, or the Usury Act of 1837, would be a protection to the witness on an indictment for usury, or in an action for a penalty or forfeiture?

This was an action of assumpsit, brought to recover the amount of a promissory note bearing date April 28th, 1838, for the sum of two hundred dollars, payable to the plaintiffs at their banking house, in Salina, at sixty-three days.

The suit was commenced by the filing and service of the declaration and notice of rule to plead under the statute. The declaration contained the common money counts, to which was annexed a copy of the note in these words:

"April 20, 1838.

"$200. Sixty-three days after date, for value received, we

jointly and severally promise to pay to the President, Directors and Company of the Bank of Salina, two hundred dollars, at their Banking House.

" O. B. PIERCE,

" S. H. HENRY, *Security.*"

To which was added a notice that said note would be given in evidence, under the money counts, on the trial.    The declaration was served upon the defendant Henry, the 17th day of June, 1839, but was not served upon the defendant Pierce. The defendant Henry, appeared, and pleaded non assumpsit, and annexed to and served with his plea a notice of the defence of usury, and verified the same by affidavit according to the provision of the statute.    The cause was tried before the Hon. DANIEL MOSELEY, Circuit Judge, at the Onondaga Circuit, on the 8th day of April, 1844.    On the trial, the signature of the defendant Henry to the note was admitted, and the counsel for the plaintiffs proved the signature of the defendant Pierce to the said note, and the interest thereon, to be $81,08, and rested. The counsel for the defendant then opened the defence to the jury, and in so doing, stated to the jury, among other things, that the note in question was made to be discounted at said bank, for the sole benefit of the defendant Pierce, and was signed by defendant Henry as his surety, and was in the first instance presented by the defendant Pierce to the said Bank of Salina for discount; that the bank refused to discount it; that this was known to Elisha Chapman, who was at that time the teller of the bank; that the said note was then subsequently presented to the said Elisha Chapman, who with full knowledge that the same had been presented at the bank and refused, discounted the said note, and in so doing, deducted $10 from the face thereof, under a corrupt and usurious agreement between him and the said Pierce.    The counsel for the defendant Henry, to maintain and prove the issue on his part, called and had sworn as a witness, Elisha Chapman; the note was then handed to the witness, and defendant's counsel proposed to prove by the witness under the plea of the general issue, that the note was usurious and void.    This was objected to both by the wit-

Bank of Salina *agt.* Henry and Pierce.

ness and the counsel for the plaintiffs, upon the ground that the witness was not bound to answer, as his doing so might tend to form a link in the chain of testimony tending to convict him of a misdemeanor, or expose him to a penalty or forfeiture. In support of such objection it was insisted that the said Chapman when called as a mere witness (and not as a party of record or interest) to testify to usury, was not bound to answer under the act to prevent usury, passed May 15, 1837. It was also at the same time further insisted that the said witness was protected from answering, under the 1st *Revised Statutes*, 597, *sec*. 30, *2d ed.*, and his honor, the circuit judge, sustained the objection, and defendants' counsel excepted thereto. The following questions were then put to the witness, all of which, on objections being made by the witness and the complainants' counsel, were overruled by the circuit judge, and were severally excepted to by defendants' counsel. Did you receive the note from O. B. Pierce in the year 1838? Did you in April, 1838, receive the note in question under some agreement with O. B. Pierce? Did you in April, 1838, make a usurious agreement with O. B. Pierce in relation to said note? Did you in April, 1838, discount the note for O. B. Pierce at $10 less than its face? Did you in April, 1838, discount the note and reserve $10 from its face under an agreement between yourself and O. B. Pierce? The above questions were objected to on the grounds above set forth. The defendants' counsel then offered to prove the usurious agreement by the witness, under the notice annexed to and served with the plea, on the ground that he, the witness, was then the plaintiff in interest. This was objected to, both by the witness and the plaintiffs' counsel, on the ground, 1st, that the witness could not be compelled to testify to usury under the notice and under the act of 1837, unless it should first appear that he was the plaintiff in interest and the owner of the note. 2d. That the witness could not be compelled to show himself to be the owner of the note in question, without subjecting himself to a penalty or forfeiture, under the section of the Revised Statutes above cited, or without establishing a link in the chain of evidence to subject himself to a penalty or forfeiture under that statute. The objections were

Bank of Salina *agt.* Henry and Pierce.

sustained by the circuit judge, upon the grounds stated, and also upon the ground that the fact that the witness was the plaintiff in interest should be proved by some other witness. The defendants' counsel in due form excepted : the defendants' counsel then offered to prove by the witness that he was the plaintiff in interest in this suit and the owner of the note in question.    This was objected to as well by the witness as the plaintiffs' counsel, and his honor, the circuit judge, sustained the objection upon the grounds last above set forth.    Defendants' counsel then offered to prove by the witness, that he, the witness, discounted the note in question in the month of April, 1838, and ever since that time had been, and still was, the owner of the note, and was then the plaintiff in interest in this suit, and then to prove by the witness that he discounted the note at the time aforesaid, at a usurious rate of interest, and that the same was usurious and void.    This was objected to as well by the witness as the plaintiffs' counsel, upon the grounds last above stated, and his honor, the circuit judge, sustained the objections, to which decision defendants' counsel excepted. The defendants' counsel then repeated the several questions to the witness in substance which were propounded to him under the plea of the general issue ; and which on being objected to as before, were severally overruled by the circuit judge, and were severally excepted to by defendants' counsel.    And the jury thereupon, under the direction of the circuit judge, rendered a verdict for the plaintiffs for the sum of $281,08, being the amount of the said note and the interest thereon.

The supreme court at general term in January, 1846, affirmed the verdict, and judgment was thereupon entered in favor of the plaintiffs.    (*Reported* 4 *Denio.*)

The defendants brought a writ of error, and removed the proceedings to this court.

*Hough & Carpenter, Attorneys and*
*Wm. J. Hough, Counsel* for plaintiffs in error.

*First.* The witness, Elisha Chapman, was bound to testify as a witness, generally, in the cause under the plea of the general issue.    He was called as a mere *witness*, and not as *plaintiff*,

Bank of Salina *agt.* Henry and Pierce.

under the usury law; and there was no evidence to show he was such plaintiff; and if he wished to excuse himself from testifying as such witness, he should have disclosed his interest as plaintiff. What he might say as to the agreement, on receiving usury on discounting the note, could not be given in evidence against him on an indictment for usury, or in an action for a penalty or forfeiture; the statute of limitations was a shield and protection in either case.

☞ No usury until the whole sum, principal and interest, has been paid—can't be indicted. ☜

*Second.* The defendants should have been permitted to prove by the witness, Chapman, under the notice annexed to the plea, that he was the "*plaintiff in interest,*" and also the "*usurious agreement*" on discounting the note. The fact that he was *plaintiff in interest* was as much a part of the "*defence of usury*" within the meaning of § 2d of the Usury Act of 1837, as the very contract itself; and is as much within the spirit and meaning of the decision in the case of Henry *v.* Bank of Salina. (5 *Hill,* 523, *in the Court for the Correction of Errors*; *Stephens* v. *White, id.* 548.)

In the latter case, the offer was, to prove by the plaintiff in interest, that he "*was the plaintiff in interest,*" and then the "*usury;*" and in commenting upon this offer, the chancellor said, "The case of Henry and Pierce *v.* The Bank of Salina, which had just been decided, disposed of this case. Both were alike in *principle,*" &c. And the decision sustained the remark. The whole question is, therefore, *res judicata.*

Whether, by testifying, the witness would criminate himself, or subject himself to a penalty or forfeiture, or not, did not excuse him from answering. There is no constitutional protection, so far as relates to a penalty or forfeiture; and the legislature, by the Usury Act of 1837, has changed the common law rule in civil actions, so far as relates to parties and witnesses; and the 8th section of the act is a protection against any criminal prosecution. (*Henry* v. *Bank of Salina,* 5 *Hill,* 525–7.)

The Usury Act, at all events, compels the plaintiff, in usury cases, when called as a witness, to answer. Section 8 excuses

Bank of Salina *agt.* Henry and Pierce.

him from criminal prosecution, and whether it subjects him to a penalty or forfeiture or not, he is bound to answer.    And if the usury act did not protect the witness in this case, the statute of limitations did, as well against any civil action for a penalty or forfeiture, as against any criminal prosecution.    (1 *Barber's Ch. Prac.* 283 ; 1 *Ph. Evidence,* 223, *note a ; Close* v. *Olney,* 1 *Denio,* 319 ; *Roberts* v. *Ellatt,* 1 *Moo. & Mal. R.* 192 ; 1 *Cowen & Hill's Notes,* 739 ; *The People* v. *Mather,* 5 *Wend.* 229, 250–257.)

☞ 3 *How.* 515, 530, too vague. ☜

*Noxon, Leavenworth, & Comstock,. Attorneys* and *G. F. Comstock & N. Hill, jr., Counsel* for defendants in error.

*First.* Chapman was first called upon to testify as a witness at large and without any reference to the Usury Act of 1837. In this situation, therefore, none of the provisions of that act could be used, either to compel him to testify, or to protect him from the use of his testimony as an admission against him, for any purpose whatever, in case he should testify.

*Second.* The opening statement of the counsel for the defendants below, showed that Chapman had actually taken usury when he discounted the note in question.    This was a criminal offence, and standing as a witness at large, without the protection of the act of 1837, he was not upon general principles bound to testify to the fact.    (*Bouv. L. Dict. and* 17 *W.* 142–3.)

*Third.* The same opening statement showed that the note in question was discounted by Chapman in plain and direct violation of 1 *R. S.* 595, *sec.* 28, 1*st ed.*    This statute subjected him to a penalty of twice the amount of the loan.    On this ground, also, the witness was justified in refusing to answer. Also on the ground that under the same statute his answers would subject him to the loss of the note.

*Fourth.* The statutes of limitation afford no answer to the 2d and 3d points.    *No such answer was suggested on the trial ;* nor was it shown that proceedings had not been commenced against Chapman before the statutes had run.

(*See opinion of* Bronson, *Ch. J., in this case, and the cases cited by him ;* 17 *W.* 142–3.)

*Fifth.* If the transaction stated in opening the defence, and sought to be proved, is to be regarded only as an *executory agreement* to take usury, then the offence was not complete until the usury was received. Of course the statute of limitations had nothing to do with this; yet the witness was justified in not answering on the ground that proof of the *usurious agreement* would be one link in the chain of testimony to show the offence wholly consummated. (*Burns* v. *Kempshall*, 24 *Wend*. 360; *S. C. in error*, 4 *Hill*, 468; *Cloyes* v. *Thayer*, 3 *Hill*, 564; *see also opinion of* BRONSON, *Ch. J., in the present case;* 19 *Ves*. 225; 4 *W*. 252–4; 3 *Taunt*. 424.)

The question is next to be considered with reference to the Usury Act of 1837. Chapman having next been called upon to testify under that act, and in pursuance of the notice required by that act—upon this branch of the case we say:

*Sixth.* The witness could not be compelled to testify under that act, unless he was plaintiff of record, or (as has been held) the owner of the demand, and therefore plaintiff in interest. He was not plaintiff, so far as appeared, in either sense of the word. This objection to the offer, in the form in which such offer was first made, is unanswerable.

*Seventh.* A witness called solely under the authority of the act in question, is not bound to swear whether he is the owner of the demand or the plaintiff in interest. He can only be interrogated as to the *usury*, and that after it appears in some other way that he comes within the statute. *There was no offer to prove by Chapman, as a witness at large, or by any other witness, that he was the plaintiff in interest.*

*Eighth.* As plaintiff in interest, Chapman was also justifiable in refusing to testify upon the ground that it would subject him to a forfeiture under 1 *R. S.* 595, § 28, above cited, or would at least establish a link in the chain of testimony to convict him of a violation of that statute.

1. This objection was as available to Chapman when called under the act of 1837, as it was when called as a witness at large, and that we have already considered. Under the cover of the act of 1837, a man cannot be compelled to swear to

facts showing or tending to show a violation of some other penal law.

2. But the objection becomes more unanswerable when the witness is called as plaintiff in interest. If the note was discounted in violation of the provisions in the banking act above referred to, no recovery could be·had upon it, and thus Chapman, ostensibly called under the act of 1837, would forfeit the amount of his note under another statute. The note would be void upon general principles, and is also declared to be void by 1 *R. S.* 604–5, § 10. No statute·of limitation could save Chapman from this forfeiture; and this would be such a forfeiture as would excuse him from testifying. (1 *Phil. Ev. Cowen & Hill's ed. p.* 278; *Story's Eq. Pl.* 442, 443, 444, 445; 4 *Paige,* 439.)

. ﷽ *Chit. Cont.* 6, 6th *Am. Ed.* §§ 579, 580; *Story's Const.*; 1 *Smith's L. C.*; 20 *Wend.* 320; 1 *Green. Ev.* 452. Eng. stat. declaring witness shall answer though it may subject him to a *civil suit*, held, that it applies to nothing else but the precise case. (2 *R. S.* 405, § 71.)—Still more guarded. (3 *P.* 532–3; 11 *W.* 330.)

Noxon, Leavenworth, & Comstock,
*Attorneys for defendants in error.*

☞ N. Hill, Jr., same side—only discussed the last point, *Mitf. Pl.* 197, *Ed. of* 1827. Demurrer will lie to bill of discovery, which will subject defendant to any forfeiture of interest. (1 *Rep. Cas. in Chy.* 75, 77; *Tothill*, 80, *Wolgrove* v. *Cole* or *Coe.*) Courts of Eq. less tender of the wit. on this point than courts of law. In other respects, rule at law and equity the same.

Twelve judges differed in opinion, 8–4.—Act Parl. passed—not settled in this state till Revised Statutes—1 Am. Law Jour. 223, opinion of the twelve judges. (7 *C.* 177; 3 *R. S.* 737, *Revisers' Note*; 2 *Phil. and Ames,* 915–16; 1 *Greenl. Ev.* § 452. For Eng. Stat.—*P. and A.*—any forfeiture *whatsoever.*)

Our stat. very cautiously worded—so goes to specified case and nothing else. (1 *Greenl. Ev.* 451.) Wit., if he begins to

Stief *agt.* Hart.

ans. must answer fully.—He must object *in limine.* (3 *Pick.*
229; *Dwar. Stat.* 749–50, 736.) ⟶

DECISION.—Judgment affirmed.

GRAY, J., delivered a written opinion in favor of reversing
the judgment.

BRONSON & WRIGHT, J. J., delivered opinions for affirmance,
in which the other judges concurred.

NOTE. *Held,* that as the answer of the witness might tend to establish facts
which would work a *forfeiture of the debt,* (1 *R. S.* 595, § 28,) he was not
obliged to testify. This ground of itself was sufficient to establish the privi-
lege of the witness; and as to this, the statute of limitations had no appli-
cation.

Besides, as to the grounds on which the privilege of the witness was put by
the supreme court, the statute of limitations was not even mentioned on the
trial. If the defendant intended to rely on this statute, he was at least bound to
say so. A party is not at liberty to start a question, on a motion for a new trial,
or in a court of review, which, had it been mentioned on the trial, might have
received a satisfactory answer, (per BRONSON, J.)

*Reported,* 1 *Comstock,* 83.