## HENRY *vs*. THE BANK OF SALINA.

*[Affirmance of The Bank of Salina v. Henry, 2 Denio, 155.]*

Where one, upon discounting a note, *deducts and retains* a greater amount than the proper discount at the legal rate of interest, he is guilty of a misdemeanor in *receiving* "a greater interest, discount or consideration," than the law allows, under the statute of 1837, ( *p*. 487, § 6.)

Consequently, in an action on a note, a witness is privileged from testifying that he discounted it in that manner.

Where one, not the plaintiff on the record, is called by the defendant, as the plaintiff in interest, to be examined as a witness under a notice pursuant to the usury act of 1837, (§ 2,) it must be first shown by other testimony that he *is* such party in interest.

Where the defendant, in an action on a note, opened his defence by stating that C., the teller of the plaintiff's bank, had discounted the note after it had been offered to the bank for discount and refused, contrary to 1 *R. S.* 595, § 28; and then called C. to prove that the note was discounted on an usurious consideration; *held* that C. was privileged from testifying, on the ground that his evidence would tend to subject him to the forfeiture of twice the amount of the loan, according to the terms of that act.

If a party, desiring to examine a witness whose testimony would tend to convict him of a criminal offence, or expose him to a penalty or forfeiture, rely upon the statute of limitations having run to avoid the objection, he must show affirmatively that no indictment was found, or suit commenced, within the period of limitation.

ON error from the supreme court, where the Bank of Salina sued the present plaintiff in error, and recovered judgment. For a report of the case in that court, see 2 *Denio*, 155. The defendant brought error to the court of appeals.

The cause having been argued by counsel, and time having been taken for deliberation, the judgment of the supreme court was *affirmed*.