Scovill agt. New.

---

## SUPREME COURT.

### Amos S. Scovill agt. John New.

If an allegation in a complaint be such that the defendant, being examined as a witness, would not be obliged to answer as to its truth, he may, when pleading, *deny* the allegation, and *omit to verify* his answer.

But if the defendant, in pleading to such an allegation, declines to answer it at all, on the ground that such answer might subject him to a criminal prosecution, he *admits* it, for the purposes of the action.

*Albany Special Term, Aug.,* 1855.

MOTION that defendant be required to make his answer more definite, &c.

The action was for a libel published in the *Albany Switch,* of which the defendant was alleged to be the editor and proprietor. The defendant, in his answer, denied each and every allegation of the complaint, except the allegation that he was the *proprietor* and publisher of *The Switch,* which allegation he declined to answer on oath, on the ground that an answer to that allegation might subject him to a criminal prosecution.

The plaintiff moved that the defendant be compelled to make his answer more definite and certain, by amendment, and to admit or deny the allegation in the complaint, that he is the editor, proprietor and publisher of the newspaper therein mentioned; or, that the portion of the answer relating thereto be stricken out as irrelevant.

F. TOWNSEND, *for plaintiff.*
S. G. COURTNEY, *for defendant.*

Scovill agt. New.

HARRIS, Justice.   It is now provided by law that the verification of any pleading may be omitted, when the party, if examined as a witness, would be privileged from testifying to the truth of the matter denied by the pleading. (*Sess. Laws*, 1854, *p.* 153.)   The provision has reference to *the denial* of some allegation in a pleading.   If the allegation be such that the party, being examined as a witness, would not be obliged to answer as to its truth, he may, when pleading, *deny* the allegation, and omit to *verify* the pleading.

This the defendant has not done.   Instead of denying the allegation that he was the editor, &c., of the *Switch*, as he might have done, if he would have been privileged from testifying to that fact as a witness, and then serving his answer without a verification, he has not, in terms, either admitted or denied the allegation.   He has merely stated that he declines to answer the allegation at all, on the ground that such answer might subject him to a criminal prosecution.   The effect of such an answer is, to admit, for the purposes of the action, the allegation in question.

The 168th section of the Code declares, that every material allegation of the complaint, not controverted by the answer, shall be taken as true.   Upon the trial, therefore, as the pleadings in the action now stand, it must be assumed without further proof, that the defendant is the editor, proprietor and publisher of the paper mentioned.   He has not controverted the fact.   It is therefore to be taken as true.

If I am right in this view of the question, it follows that the plaintiff has no occasion to complain of the answer.   The defendant probably intended to put in issue the allegation in question.   In this he has failed.   If, however, the motion to strike out that portion of the answer embraced in the notice should prevail, it would leave all the allegations in the complaint denied.   This, of course, the plaintiff would not desire.

The motion therefore, must be denied, but without costs.