Wheeler agt. Dixon and others.

---

## SUPREME COURT.

### WHEELER agt. DIXON and others.

By the 157th section of the Code, as amended in 1854, " the verification of any pleading, in any court of record in this state, may be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading."

Where it can be seen from the *complaint* that the defendant would be privileged from testifying as a witness to the truth of its allegations, the defendant may serve his answer without a verification, and unaccompanied by any affidavit, stating the grounds on which he omits to verify it. ( *See to the same effect Clapper* agt. *Fitzpatrick, 3 How. Pr. R.* 314, *under the Code of* 1848, *which contained substantially the same provision.*)

A witness is not bound to speak when the answer may subject him to a prosecution for a crime or misdemeanor, or to any penalty or forfeiture, or anything in the nature of a penalty or forfeiture, or has a tendency to degrade his character.

*Washington Special Term, Jan.*, 1856.

MOTION to set aside answer for want of verification.

The cause of action stated in the complaint was assault and battery, and the answer denied all the allegations in the complaint. The complaint was verified.

J. C. HOPKINS, *for plaintiff*.
M. FAIRCHILD, *for defendants*.

PAIGE, Justice.   The Code of 1848, § 133, required every pleading to be verified; but provided that " the verification might be omitted when the party would be privileged from testifying as a witness to the same matter; and that no pleading verified should be used in a criminal prosecution against the party as proof of a fact admitted or alleged in such pleading." In the amendment of the Code of 1849, (§ 157,) these provisions were omitted, and the requirement that every pleading should be verified, was modified by providing that when any pleading should be verified, all subsequent pleadings, except demurrers, should be verified also.

In the Code of 1851, § 157 of the Code of 1849, was amended by declaring that " the verification might be omitted when an admission of the truth of the allegation might subject the party to prosecution for felony; and that no pleading could be used in a criminal prosecution against the party as proof of a fact admitted or alleged in such pleading."

By an act passed March 23, 1854, (*Laws of* 1854, *p.* 153,) the clause in § 133 of the Code of 1848, in relation to the omission of the verification, was substantially re-enacted.   That act provides that " the verification of any pleading may be omitted where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading."

Under the Code of 1848, Justice HARRIS, in October of that year, decided in an action for an assault and battery, (3 *How. Prac. Rep.* 314,) that the verification of a pleading may be omitted where the court can see that the matter contained in the pleading is such as might aid in forming a chain of testimony to convict the party of a criminal offence, if properly received in evidence.   In that case the answers were put in without a verification, and were unaccompanied by any affidavit that the admission of the truth of the allegations of the complaint might subject the party to a criminal prosecution.   This

decision is directly applicable to the present case : as this case arises under the act of 1854, which is a substantial re-enactment of the clause above referred to in § 133 of the Code of 1848. Here the court can see from an inspection of the complaint, without the aid of an affidavit, that an admission of the truth of the matter of the complaint might subject the defendants to a criminal prosecution for a misdemeanor. It is a case, therefore, where the defendants would be privileged from testifying to the truth of such matter, and comes within the provision of the act of 1854, authorizing the omission of a verification. (*Van Santvoord's Pleadings*, 527.)

A witness is not bound to speak when the answer may subject him to a prosecution for a crime or misdemeanor, or to any penalty or forfeiture, or anything in the nature of a penalty or forfeiture, or has a tendency to degrade his character. (1 *Com.* 80; 3 *Seld.* 382; 5 *Bar. R.* 303; 13 *Johns.* 82; 4 *Wend.* 229; 1 *Paige*, 601; *Const. of* 1846, *Art.* 1, § 6: 7 *How. Pr. R.* 57.)

As it can be seen from the complaint that the defendants would be privileged from testifying as witnesses to the truth of its allegations, the defendants were regular in putting in their answer of denial without a verification, and unaccompanied by an affidavit.

The case of *Springsteed* agt. *Robinson*, (8 *How. Pr. R.* 41,) arose under the Code of 1851; and in that case it did not sufficiently appear by the complaint alone that an admission of the truth of the complaint might subject the defendant to a prosecution for a felony. The affidavit was, therefore, in that case, properly required.

The motion to set aside the answer must be denied, with $10 costs—to be paid to defendants.