## SUPREME COURT.

ROGER A. FLOOD, President, &c., agt. GIDEON REYNOLDS
and another.

A defendant sued as maker, with an indorser, of a promissory note, may put the plaintiff's material allegations of the complaint in issue in this way : that he has no knowledge or information sufficient to form a belief, whether A——— B———, the other defendant, had indorsed the note and transferred it to the plaintiff, or whether it was duly presented for payment, &c.

That is, the defendant is not required to go through with the idle ceremony of *denying the truth of the allegations,* after having asserted that he has no belief whatever, whether they are true or not.

*At Chambers, July,* 1856.

MOTION for judgment on account of frivolousness of answer.

The action is brought against the maker and indorsee of a promissory note. The complaint states the making of the note by the defendant Reynolds; that it was indorsed by the other defendant and transferred to the plaintiff; and that when it became due and payable, it was presented for payment and duly protested for non-payment.

The answer of the defendant Reynolds, the maker of the note, after admitting that he had made the note and delivered it to the other defendant, states, that whether or not the other defendant indorsed the note and transferred it to the plaintiff, or whether or not, when the note became due and payable, it was duly presented for payment, &c., " *he has no knowledge or information thereof sufficient to form a belief.*"

J. A. MILLARD, *for plaintiff.*
GEORGE DAY, *for defendant.*

HARRIS, Justice.   Under the 149th section of the Code, as amended in 1852, the defendant may deny a material allegation in the complaint, or, in a proper case, instead of denying

the allegation, he may deny that he has any knowledge or information in respect thereto sufficient to form a belief. When he can do this, the answer is complete, and the allegation is put in issue without any further denial.

The plaintiff's counsel is mistaken when he supposes that, having stated that, in respect to the allegation in question, he has no knowledge or information sufficient to form a belief, the defendant, in order to put the allegation in issue, was required to proceed further, and deny that it is true.

In this case, the defendant, the maker of the note, has stated that he has no knowledge or information sufficient to form a belief as to the fact alleged in the complaint, that Christie, the other defendant, had indorsed the note, and transferred it to the plaintiff. This was a material allegation. The defendant had a right to controvert it, if he could. Whether true or not, was a matter not necessarily within his own knowledge. He had a right, therefore, instead of denying the truth of the allegation, to put its truth in issue, by asserting that he could not say whether it was true or not, because he had no knowledge or information on the subject from which he could form a belief. He was not bound to go through with the idle ceremony of denying the truth of the allegation, after having asserted that he had no belief whatever, whether it was true or not. This issue alone is sufficient to carry the cause to the circuit. I have not, therefore, thought it necessary to examine the other parts of the answer to which the plaintiff's counsel objects.

The motion must be denied, with costs.