## BLAISDELL *a.* RAYMOND.

*Supreme Court, First District ; Special Term, July,* 1857.

### ACTION FOR LIBEL.—ANSWER.—VERIFICATION.

Under the act of 1854 (*Laws of* 1854, 153), the defendant may omit the verification of his answer, as respects *all* its allegations, wherever he would be excused from testifying as a witness to the truth of *any* matter denied by such answer.

Blaisdell *a.* Raymond.

The former law on the subject of omitting the verification of answers—reviewed.
In an action for libel, if the defendant denies the publication charged, he is entitled to omit the verification of his answer, as to all the defences set up.

Motion to compel plaintiff's attorney to receive unverified answers;—or, if that relief should be denied, then for leave to put in verified answers.

This was an action for libel against the alleged author and publishers of an article averred in the complaint to have been published of and concerning plaintiff, in the New York Daily Times. The article complained of is set out in a report of previous proceedings in the case. (4 *Ante*, 446.)

Two answers to the complaint were served in due season ; one on behalf of the alleged author ; the other on behalf of the publishers of the Daily Times. Each of these answers contained, first, a *denial of the publication* of the article complained of; second, matter in justification ; and, third, matter in mitigation of damages.

Neither of the answers was verified ; and they were both returned by the plaintiff's attorney, for that reason. The defendants now moved that plaintiff's attorney be required to receive the answers as served, or else that defendants might have leave (their time to answer having expired) to serve verified answers.

*Lyman Abbott*, for the motion.—I. The defendants are authorized entirely to omit their verifications, by the act of 1854 (*Laws of* 1854, 153), which provides that "the verification of *any* pleading in any court of record in this State may be omitted *in all cases* where the party called upon would be privileged from testifying as a witness to the truth of *any* matter denied by such pleading." In the present case the defendants would be privileged from testifying to the truth of their denial of publication.

II. The statutes in force prior to 1854 were as follows: 1. The Code of 1848 (§ 133) provided that the verification to any pleading might be omitted where the party would be privileged from testifying to the same matter. 2. The Code of 1849 omitted this provision altogether. 3. The Code of 1851 (§ 157) provided that "the verification may be omitted when an admission of the truth

of the allegations might subject the party to prosecution for felony."

III. In order to apply rightly the various decisions upon the point, it is necessary to observe under which of the foregoing statutes they were respectively made.

IV. The only authority under the Code of 1848 is Clapper *v.* Fitzgerald (1 *C. R.*, 69). In that case it was held that if *any part of the pleading* contained *any* statements to the truth of which the party would be excused from testifying as a witness, he need not verify the answer at all.

V. The only authorities under the Code of 1849, are, Hill *v.* Muller (2 *Sandf.*, 684); White *v.* Cummings (3 *Ib.*, 716; *S. C.* 1 *C. R.*, *N. S.*, 107). Both of these cases were decided at a time when there was no statutory provision for the omission of verification in any case. The courts, nevertheless, held that in the absence of any statute, under the constitution (*Const.*, *art.* I., § 6) and the general principles of law, where a verified answer to allegations of the complaint might subject the defendant to a criminal prosecution, he might serve a verified answer, wherein he might, upon that ground, decline to answer such matters, and such declination would be treated as a denial.

VI. The only authorities under the Code of 1851 are, Thomas *v.* Harrop (7 *How. Pr. R.*, 57); Springsted *v.* Robinson (8 *Ib.*, 41). In the latter case, an answer, in the form prescribed under the previous act, by the cases of Hill *v.* Muller, and White *v.* Cummings, was held frivolous; and it was held that *where the court could not see from the pleadings alone* that the admission of allegations in the complaint would submit the defendant to a criminal prosecution, he *might* show that fact by affidavit.

VII. The only cases under the act of 1854 are, Scoville *a.* New (12 *How. Pr. R.*, 319); Lynch *a.* Todd (13 *Ib.*, 546). Both these cases hold that the defendant is excused from verifying the answer whenever it appears, on the face of the pleadings, that the answer denies any matters to the truth of which the defendant would be excused from testifying as a witness. See also Hill *v.* Muller (2 *Sandf.*, 634), decided under the Code of 1849; Springsted *v.* Robinson (8 *How. Pr. R.*, 411), decided under the Code of 1851.

*C. F. Wetmore*, opposed.—I. The provisions of the Code of

1848, relative to this subject, and the amendment of 1854, are almost identical and the same. Under the section as it was in 1848, "*a verified answer* was required as to those allegations which could be answered safely." In the case of Hill *v.* Muller (2 *Sandf.*, 684), it was held that—" If there are any allegations in the complaint which the defendant may safely answer, he must do so in the ordinary way." " He cannot put in an answer without oath." To the same effect are the following authorities : (Springsted *v.* Robinson, 8 *How. Pr. R.*, 41 ; Clapp *v.* Fitzpatrick, 1 *C. R.*, *N. S.*, 69 ; Bailey *v.* Dean, 5 *Barb.*, 297 ; White *v.* Cummings, 1 *C. R.*, *N. S.*, 107.)

II. The amendment of 1854 cannot mean that because the defendants are allowed not to verify as to the publication of the article complained of, they may set up as many other defences as they choose; and although they might safely verify them, yet that they may refuse to do so. It cannot be that the Legislature intended that, in an action for a libel, the defendant has only to deny the publication of the article, and then set up as many defences as he chooses, without verification, and at the same time declare the article to be true ?

III. The last authority is Wheeler *v.* Dixon (14 *How. Pr. R.*, 151). In that case, every allegation in the complaint was denied. It is not a case like the present one. In that, it was apparent upon the face of the complaint that the defendant would be relieved from verifying his answer as to each allegation in the complaint. Not so in this case. The defendants make no pretence, except as to the publication of the article, and then republish the article in various ways and shapes in their answers. After that, they waive their right not to verify as to the *publication.*

BIRDSEYE, J.—By section 157 of the Code, as enacted in 1849, when any pleading in a case was verified by affidavit, all subsequent pleadings, except demurrers, were required to be verified also ; and no exception was made in regard to the verification of pleadings which contained matters as to which the party would be privileged from testifying as a witness.

It was held, however, that the principle that a witness cannot be compelled to criminate himself, which is now embodied in the Constitution (Art. I., § 6), was superior to the requirement

of the statute ; that a party who would be privileged from testifying as to a matter, on the ground that the testimony might criminate him, need not, in his answer, admit or deny allegations of the complaint as to the same matter, on oath. But he could put in a sworn answer, in which he might state, that, by answering on oath the particular allegations specified, he might subject himself to a criminal prosecution, and as to the residue of the complaint, he would answer in the usual manner. Such an answer was deemed to put in issue the allegations of the complaint, which the defendant thus excused himself from answering. (Hill *v.* Muller, 2 *Sandf.*, 684 ; White *v.* Cummings, 3 *Ib.*, 716 ; *S. C.*, 1 *C. R.*, *N. S.*, 107.)

The Code, as enacted in 1848 (§ 133), had provided that the verification of a pleading might be omitted, when the party would be privileged from testifying, as a witness, to the same matter.

In Clapper *v.* Fitzpatrick (1 *C. R.*, 69, *S. C.*, 3 *How. Pr. R.*, 314), an answer in the usual form, controverting the allegations of the complaint, but without any verification, had been served. The court sustained the practice, saying, that if *any part* of the pleading was of such a character as would excuse the party from testifying as a witness, it need not be verified.

Section 157 of the Code, as amended in 1851, provided that the verification of a pleading might be omitted, when an admission of the truth of the allegations might subject the party to prosecution for felony. And by the act of 1854 (*Laws of 1854*, 153, *ch.* 75), the verification may now be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading. This statute, it will be seen, adopts the principle and the substance of the language of the learned judge in the case of Clapper *v.* Fitzpatrick.

In Scoville *v.* New (12 *How. Pr. R.*, 319), the same learned judge held that if an allegation in a complaint be such that the defendant, being examined as a witness, would not be obliged to answer as to its truth, he may, when pleading, *deny* the allegation, and *omit to verify* his answer. The same point had been previously held in Springsted *v.* Robinson (8 *Ib.*, 41); and it has been recognized by Mr. Justice Johnson in Lynch *v.* Todd (13 *Ib.*, 546, 548).

In Springsted *v.* Robinson, and in Scoville *v.* New, it was held that the provisions of the statutes, which did not exist when the cases of Hill *v.* Muller and White *v.* Cummings were decided, had changed the rule there laid down; and that an answer in the form prescribed in those cases, would not now be held to controvert the allegations of the complaint not answered, on such ground. Of the correctness of this view I entertain no doubt, and the opposite opinion, rather suggested than asserted, in Thomas *v.* Harrop (7 *How. Pr. R.*, 57), cannot, I think, be sustained. It is obvious that the apparent sanction given to such an answer in that case, is founded upon the two cases of Hill *v.* Muller, and White *v.* Cummings, without adverting particularly to the effect of the alteration made in the statute, by the amendment of 1851.

The rule upon the subject seems to me to be this. Where the statute, as in 1849, required a verified answer, and made no provision for omitting the verification when the answer under oath might criminate the party, the court might require a compliance with the statute by directing the answer to be verified so far as it was not of that character, and might protect the constitutional rights of the party by excusing him from answering the parts which were of that character, and treating an averment that, by answering on oath the particular allegations specified he might subject himself to a criminal prosecution, as a denial of them. This course was adopted by analogy to the former practice, as was stated in 2 Sandford, 684–5. But where the law makes express provision on the subject of the verification of an answer, in such a case the terms of the statute must be complied with. Now, by the act of 1854, the verification may be omitted *in all cases* where the party called upon to verify would be privileged from testifying as a witness to the truth of *any* matter denied by such pleading.

If, therefore, there was any matter denied in the defendant's answers, to the truth of which they would have been privileged from testifying as witnesses, the verification was properly omitted, and the plaintiff's attorney was not justified in returning them.

If, from the inspection of the pleadings themselves, the court can see that an admission of allegations in the complaint would subject the defendant to a criminal prosecution, obviously

nothing further can be required. Where that is not the case, the party claiming the exemption must establish his right to it in some other sufficient manner, as by affidavit. (See Springsted *v.* Robinson, and Lynch *v.* Todd, *ubi supra.*) In such a case, prudence, at least, would dictate that the affidavits excusing the omission of the verification, should be served with the pleading itself.

In the present case, I did not understand the plaintiff's attorney, at the argument, as seriously controverting the position taken by the defendants, that there were allegations in the complaint, and which are denied in the answer, to the truth of which the defendants would be privileged from testifying as witnesses. His argument proceeds upon the ground that, as to the rest of the complaint, they are bound to answer upon oath, though excused from so doing, as to that part.

From the statements made at the argument, of the contents of the complaint, I saw no reason for doubting the correctness of that position of the defendants. Not having been furnished with any copy of the complaint, I am unable to examine this point further, and do not deem it necessary so to do, from the course which the argument took.

The defendants' answers were properly served, and the plaintiff's attorney must be required to receive them accordingly. The defendants should have $10 costs of this motion.