# N. Y. CITY COURT.

## Simon Frist *et al.* agt. Alexander Climm.

*Answer — When party need not verify — Code of Civil Procedure, sections 523, 529 — Construction of these sections.*

Where a party would be privileged from testifying as a witness concerning the matters alleged, he need not verify his answer. He is privileged where the answer will have a tendency to accuse him of a crime or misdemeanor, or to expose him to a penalty or forfeiture.

Conveying property in fraud of creditors furnishes an exceptional case by force of section 529.

*Special Term, July*, 1884.

Application to compel the plaintiff's attorney to accept the defendant's unverified answer.

*Henry Wehle*, for motion.

*Otto Howitz*, opposed.

McAdam, *C. J.* — The complaint, which is verified, after alleging a sale and delivery of certain goods to the defendant, avers that the defendant was guilty of fraud in contracting the liability, and then sets out in detail specific misrepresentations to induce the credit given, and these are stated as the acts of fraud complained of. The defendant served an unverified answer, claiming that under section 523 of the Code the verification may be omitted wherever the party " would be privileged from testifying as a witness concerning the matters alleged."

The rule is that a witness is not required to give any answer which will have a tendency to accuse him of any crime or misdemeanor, or to expose him to any penalty or forfeiture; nor when, by answering, a link may be added to the chain of testimony tending to such a result (*Code, sec.* 887; 2 *Phillips' Ev., Cowen H. & E.'s notes*, 929; *Henry* agt. *Salina Bank*,

Frist *et al.* agt. Climm.

1 *N. Y.*, 83; *S. C.*, 3 *Den.*, 593; 1 *How. App. Cas.*, 173; *Wheeler* agt. *Dixon*, 14 *How. Pr.*, 151).

The allegations of the complaint in effect charged the defendant with obtaining goods under false pretenses, and bring the case directly within the rule stated. Where any part of the pleading is of such a character the verification may be properly omitted (3 *How. Pr.*, 314; 1 *C. R.*, 69; 5 *Abb. Pr.*, 144; 6 *id.*, 148; 14 *Abb. Pr.* [*N. S.*], 77; 1 *N. Y.*, 83; *Constitution*, art. 1, sec. 6; 12 *How. Pr.*, 319; 2 *Hilt*, 247; 24 *How. Pr.*, 369; 24 *N. Y.*, 74).

Section 529 of the Code, relied upon by the plaintiff, is taken from 2 Revised Statutes, 174, and Laws 1883 (*chap.* 14, *sec.* 1), and does not apply. That section provides that " a defendant is not excused from verifying his answer to a complaint charging him with having confessed or suffered a judgment, or executed a conveyance, assignment or other instrument, or transferred or delivered money or personal property, with intent to hinder, delay or defraud creditors ; or with being a party or privy to such a transaction by another person with like intent towards the creditors of that person ; or with any fraud whatever, affecting a right or the property of another. "

It is not claimed that any but the latter portion of this section applies to this case, the preceding portion referring merely to confessed judgments, fraudulent conveyances and the like.

The words " or any fraud whatever, affecting a right or the property of another," which are claimed by the plaintiff to be applicable, probably mean, " affecting the property of another, or some right therein susceptible of injury by the fraud." If these words mean anything more, it is difficult to imagine a case of fraud to which section 529 does not apply, and impossible to find one to which section 523 can be made applicable.

Every action is founded on the evasion of some right, but this circumstance alone does not necessarily bring the case within the purview of section 529, which is aimed solely at fraudulent transfers and the like, in reference to which the

defendant is not excused from answering under oath the charges of fraud made against him in the bill of complaint.

But in other actions in which the defendant is charged with crimes or misdemeanors, he may avail himself of section 523 and serve his answer unverified. Effect cannot be given to both sections except by holding that section 523 contains the general rule in regard to such verifications, and that section 529 contains the exceptional one, applicable only to the cases therein enumerated. How far a witness may be obliged to testify in respect to the exceptional matters need not be considered, as that is not made the test. In all other cases it is.

In the present instance the plaintiffs parted with all their property in the goods at the time of the sale. The action is to recover the contract price. Fraud is alledged as the inducing cause of the sale for the purpose of obtaining judgment in a form in which the defendant may be made liable to arrest.

But this does not make the action one affecting "a right of another" within the meaning of that term, as used in section 529. It follows that the defendant had the right to serve an unverified answer, and that the motion to compel the plaintiffs to accept it must be granted.

---

## SURROGATE'S COURT.

In the Matter of proving the last Will and Testament of Thomas F. Carhart, deceased.

*Citation — Service of — How served — Excluding first and including last day.*

Where a citation was served on the twelfth and was returnable on the twentieth day of the same month:

*Held,* that the service was sufficient to give the court jurisdiction of the persons cited.

*Westchester county, May,* 1884.

The citation in this matter was served on the twelfth and was returnable on the twentieth day of the same month, on