O’Brien, J.
These actions, as shown by the complaints, .are for alleged libels. The answers are unverified. Section 523 of the Code of Civil Procedure provides that “the verification may be omitted where the .party pleading would be privileged from testifying as a witness- concerning an allegation or denial contained in the pleading.”
Some of the cases are to the effect that the court will not assume, merely from the pleadings, that the reason why an answer was not verified was, that the party answering would be privileged from testifying as a witness, and it therefore seemed proper that where this right is claimed, that the party- *214 claiming it should serve an affidavit showing his excuse for not verifying the answer. An examination of the cases will,, however, bear the construction that a distinction is made-between cases where the complaint itself does not show that the defendant would- be privileged, and cases, which from their very nature, it is evident that the defendant could not be compelled to testify. In the former class of cases an affidavit should be served, showing why the verification is not made. In an action for libel, where the answer denies the publication, no verification is required ; and, as it is evident from the complaint in this action that the defendant or its-officers would be privileged from testifying, an unverified answer, without any affidavit, is good (Wheeler v. Dixon, 14 How. Pr. 151). Where there is more than one party and any one would be privileged, verification may be omitted (Clapper v. Fitzpatrick, 3 How. Pr. 314).
The motion should be granted, for the reasons that the-verified pleadings would tend to acensé the officers and the-corporation of a misdemeanor, and expose the officers and the corporation to a penalty or forfeiture. If called as witnesses they would be privileged from testifying to the truth 'of any matter denied.
Motion compelling plaintiff to accept answer granted; no-costs.