(8 Misc. Rep. 547.)

RUTHERFORD v. KRAUSE et al.

(Supreme Court, Special Term, Delaware County. April 23, 1894.)

PLEADING—VERIFICATION—WHEN EXCUSED.
    Where the complaint in an action for negligence alleges that defendant wrongfully and immoderately drove a team of horses on a public highway while he was drunk, it charges cruelty to animals and intoxication in a public place, both of which are crimes (Pen. Code, § 669; Laws 1892, c. 401, § 35), and is therefore within Code Civ. Proc. § 523, providing that, "where a party pleading would be privileged from testifying as a witness concerning an allegation * * * in the pleading," verification may be omitted.

Action by James Rutherford against Leopold Krause, impleaded. Defendant Krause moves to set aside a judgment as on default for failure to verify the answer. Granted.

Robert T. Johnson, for plaintiff.
W. & G. W. Youmans, for defendant.

FORBES, J.   The complaint is based upon an action for negligence for wrongfully and immoderately driving a team of horses upon the public highway, while, it is claimed, the plaintiff was intoxicated, or drunk.   It is also claimed that the horses were injured by such driving, and that the vehicle used was broken and destroyed.   The complaint is verified, and was served on the 21st day of June, 1893.   An answer, in behalf of this defendant, was interposed and served, without verification, about the 1st day of July, 1893.   This answer was returned because it was not verified, and a judgment was entered, as upon a default.   A motion is now made to set aside the judgment upon the ground that the judgment was unauthorized, that the cause is at issue, and that plaintiff's proceedings are irregular.

The single proposition presented is this:   Does the complaint, upon its face, state facts sufficient to authorize the omission of the verification of the answer, by the defendant answering?   A careful review of the authorities, I think, is sufficient to show that, if all of the facts alleged in the complaint are to be taken as true, and an answer admitting those facts were served, that answer could be used against this defendant as an admission, on his part, of the commission of a crime.   He is charged with being intoxicated in a public place.   This is a crime, both by statute and by the decisions of the courts.   Laws 1892, c. 401, § 35, which reads as follows:

"Any person who shall be intoxicated in a public place shall be guilty of disorderly conduct, and may be arrested without warrant while so intoxicated, and shall be punished by a fine of not less than $3.00, or more than $10.00, or by imprisonment not exceeding six months." Hill v. People, 20 N. Y. 363.

He is also charged with immoderate driving, which must be construed as overdriving, and upon the facts of intoxication and immoderate driving is based the cause of action alleged in the complaint.   Overdriving is made a misdemeanor by section 655 of the Penal Code.   This is defined, by section 669 of the Penal Code, as torture or cruelty to an animal (not a human being), which includes—

"Every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted."

These facts appear upon the face of the complaint, and the punishment is provided for under the Code of Criminal Procedure, section 56, subd. 27.   I think the real test is whether any part of the pleading would excuse a party from testifying, or,—if there is more than one party, any one would be privileged,—verification may be omitted.   The criterion is whether, if called as a witness, the party would be excused from answering.   Goff v. Printing Co., 21 Abb. N. C. 211.   Assuming this as a test, then, were the defendant called as a witness by the plaintiff, could he decline to answer upon the ground that his evidence would tend to convict him of a crime?   Can there be any serious doubt about it, inasmuch as the complaint, in two particulars, charges him with a misdemeanor?   Friess v. Railroad Co., 67 Hun, 205, 22 N. Y. Supp. 104.   The fact of voluntary intoxication can be used in aggravation of damages.   Immoderate driving, thus making the offense of cruelty to animals,

can also be used in aggravation of damages, and must be presumed to have been charged in the complaint for that purpose. When a person does a wrongful act, which results in a particular injury to another, the latter has a remedy by action. Thomas v. Smith, 75 Hun, 573, 27 N. Y. Supp. 589. The omission to verify is given by the Code (Code Civ. Proc. § 523):

"Where a party pleading would be privileged from testifying, as a witness, concerning an allegation, * * * in the pleading."

And this privilege may be claimed because it is given by the Code, notwithstanding the pleading cannot be used in a criminal prosecution against the party. He is not obliged to spread an admission of his crime upon the record. He need neither admit nor deny the criminality of the act, but may remain silent. Friess v. Railroad Co., supra., and where the complaint shows upon its face the crime charged, no affidavit need accompany the answer. Goff v. Printing Co., supra, and cases there cited. Dehn v. Mandeville, 68 Hun, 335, 22 N. Y. Supp. 984. The judgment against this defendant must therefore be vacated and canceled of record, and the answer must be deemed to have been served in time; but without costs to either party.