(28 Misc. Rep. 375.)

BATTERMAN v. JOURNAL CO.

(Supreme Court, Special Term, Albany County.　July, 1899.)

1. LIBEL—ANSWER BY CORPORATION.
　　In an action for libel against a corporation, an answer that "defendant, for answer to the complaint herein, alleges that it has no knowledge or information as to any of the matters therein contained sufficient to form a belief," raises an issue, though no specific words of denial are used.

2. SAME—VERIFICATION OF ANSWER.
　　An answer of a defendant corporation containing a general denial to a verified complaint in a libel suit need not be verified.

Action by John M. Batterman against the Journal Company for damages for the publication of an alleged libel.　Motion to compel plaintiff to receive defendant's answer.　Motion granted.

John M. Batterman, in pro. per.
Scherer & Downs (Neile F. Towner, of counsel), for defendant.

BETTS, J.  This is an action claiming damages for the publication of an alleged libel.  Plaintiff duly served a verified complaint.  Defendant, on June 8, 1899, served an unverified answer thereto.  On June 10, 1899, the plaintiff returned the answer with this statement: "I herewith return to you the defendant's answer in the above-entitled action on the ground that it is not verified," signed by plaintiff, and dated May 9, 1899, which must have been an error for June 9, 1899.  Motion is now made to compel the plaintiff to receive the defendant's answer, or that such answer may stand as the answer in the case as duly served on June 8, 1899.  The answer is short and peculiar.  It is simply as follows:  "The defendant, for answer to the complaint herein, alleges that it has no knowledge or information as to any of the matters therein contained sufficient to form a belief. Wherefore, defendant prays judgment," etc.  The answer raises an issue, although no specific words of denial are used.  Meehan v. Bank, 5 Hun, 439; Bank v. O'Rorke, 6 Hun, 18; Flood v. Reynolds, 13 How. Prac. 112.  An answer to a verified complaint in a libel suit, containing a general denial, need not be verified.  Wilson v. Bennett, 2 Civ. Proc. R. 34.  And this is so where the defendant is a corporation, although the verification in such case would be by an officer.  Goff v. Printing Co., 21 Abb. N. C. 211.

Motion granted.  No costs.