SIMON et al. v. AMERICAN TOBACCO CO. et al.

(Circuit Court, S. D. New York. December 8, 1911. On Rehearing, January 2, 1912.)

1. CRIMINAL LAW (§ 42*)—IMMUNITY—VERIFICATION OF PLEADINGS.

Act Cong. June 30, 1906, c. 3920, 34 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1168), providing that immunity shall extend only to a person who, in obedience to a subpœna, gives testimony under oath, or produces evidence, documentary or otherwise, under oath, does not apply to a person verifying a pleading, so that neither a corporation nor an individual has any immunity in doing so.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 42.*]

2. CORPORATIONS (§ 517*)—PLEADINGS—VERIFICATION.

Code Civ. Proc. N. Y. § 525, subd. 1, requires the answer of a domestic corporation to be verified by one of its officers, and section 523 declares that the verification may be omitted where the party pleading would be privileged to testify as a witness concerning an allegation denied in the pleading. Held, that while an officer of a corporation may decline to verify its answer in an action at law in a federal court sitting in New York, where the New York law relating to verification of pleadings must be followed, on the ground that his doing so would tend to incriminate him, the fact that one or all of the corporation's officers would be incriminated if they verified the pleading and were given no immunity did not relieve the corporation from the duty to verify its answer, since, under such circumstances, it was its duty to select or provide an officer to do so, who would not be incriminated.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2047–2051; Dec. Dig. § 517.*]

3. WITNESSES (§ 306*)—PRIVILEGE—SELF-INCRIMINATION.

The privilege against self-incrimination is personal to a witness and cannot be availed of by a corporation, to justify withholding its books, correspondence, and accounts, or closing the mouths of its servants and agents as witnesses.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1058–1060; Dec. Dig. § 306.*]

At Law. Action by Louis Simon and others against the American Tobacco Company and others. On motion to compel plaintiff to accept an unverified answer. Denied.

Samuel J. Rawak, for plaintiff.

Nicoll, Anable, Lindsay & Fuller, for defendant American Tobacco Co.

Goldsmith, Cohen, Cole & Weiss, for defendant Metropolitan Tobacco Co.

WARD, Circuit Judge. This is an action at law under section 7 of the Sherman anti-trust law (Act July 2, 1890, c. 647, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]) to recover treble damages against two domestic corporations, defendants. The complaint is verified, and, the defendants having served unverified answers, the plaintiff returned them on the ground that they were not verified by an officer, as required by section 525, subd. 1, of the Code of Civil Procedure of the state of New York. The defendants now move that the plaintiff be compelled to accept the answers.

Section 523 of the Code of Civil Procedure provides that the verification may be omitted "where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." In an action in the federal courts the immunity which deprives a witness of the privilege of not incriminating himself must be given by the federal law. Jack v. Kansas, 199 U. S. 372, 26 Sup. Ct. 73, 50 L. Ed. 234.

[1] Congress in the act of June 30, 1906, has provided that:

"Immunity shall extend only to a natural person who in obedience to a subpœna gives testimony under oath or produces evidence, documentary or otherwise, under oath." U. S. Comp. St. Supp. 1909, p. 1168.

This does not seem to apply to a person verifying a pleading (U. S. v. Sanitary Mfg. Co. [D. C.] 187 Fed. 229), so that neither a corporation nor an individual has any immunity if it does so.

[2] The law of New York requiring the answer of a domestic corporation to be verified by one of its officers must be followed in the federal courts in actions at law. St. Louis Railway Co. v. Knight, 122 U. S. 79, 96, 7 Sup. Ct. 1132, 30 L. Ed. 1077. Doubtless an officer of a corporation may decline to verify the company's answer in an action at law in this court on the ground that his doing so would tend to incriminate him. But the fact that one or all of the officers of the company would be incriminated if they verified the answer and are given no immunity will not relieve it of the requirement that its answer must be verified. It must select an officer to do so who

will not be incriminated, and if there is no such officer must provide one.

The practice does prevail in the state courts of New York to serve unverified answers of corporations in libel cases, though the complaint is verified. There are but two decisions on the subject, and they are at Special Term, one in 1888, Goff v. Star Printing Co., 21 Abb. N. C. 211, and Batterman v. Journal Co., 28 Misc. Rep. 375, 59 N. Y. Supp. 965, in 1899. This practice enables the corporation to deny as matter of pleading, and so to compel the plaintiff to prove, what it might have to admit if its answer were verified.

[3] But the Supreme Court of the United States, in Hale v. Henkel, 201 U. S. 43, 70, 74, 26 Sup. Ct. 370, 50 L. Ed. 652, and Wilson v. United States, 221 U. S. 361, 382–384, 31 Sup. Ct. 538, 55 L. Ed. 771, has held that the privilege against self-incrimination is personal to a witness and cannot be availed of by a corporation so as to withhold its books, correspondence, and accounts or to close the mouths of its servants and agents as witnesses. Obviously, if corporations could do this, they would be enabled entirely to defeat investigations under the interstate commerce act and the Sherman anti-trust law.

The motion is denied.

### On Rehearing.

A rehearing of the motion to compel the defendants to serve a verified answer has been granted at their urgent solicitation. I will consider first certain criticisms upon the opinion heretofore handed down before reconsidering it on the merits.

It is intimated by defendants that the court's suggestion that a corporation which has no officer who can verify its answer without tending to incriminate himself, and who is willing to do so, should elect one who can is immoral. Why? It can hardly be assumed that a corporation in such case (which, indeed, is very hard to imagine) ought to submit to a judgment by default if it has a defense. On the contrary, it would seem to be clearly its duty to elect an officer who can verify its answer without incriminating himself.

Next, they say that such an officer would be a dummy, elected to deceive the court and evade the law. I assume exactly the contrary, namely, that such an officer is elected because he can verify without incriminating himself, and that the corporation will not ask him to verify a false answer, and, that if it does, he will refuse to do so.

Another criticism made is that the by-laws of the corporation may not enable it to fill a vacancy. There may be such a corporation, but I will not make my decision depend upon such an assumption.

Reconsidering the decision on its merits, the custom stated in the defendants' affidavits that unverified answers of corporations in libel suits are accepted by practitioners in New York City depends upon the decision made at Special Term in 1888 in the case of Goff v. Star Printing Co., 21 Abb. N. C. 211. This case is not binding even on any court of the state of New York, and of course is not binding on the federal courts, which follow only the decisions of the highest state tribunals in construing state statutes. What I am bound to follow under section 914, U. S. Rev. Stat. (U. S. Comp. St. 1901,

p. 684), in this case, is the provision of section 523 of the Code of Civil Procedure that:

"Where a pleading is verified, each subsequent pleading, except a demurrer, on the general answer of an infant by his guardian ad litem, must also be verified."

This, it may be said in passing, is a wise and beneficial requirement, intended to bring out the truth of every controversy in the very first statement; allegations of the complaint not denied being admitted.

The next two provisions involve substantive law. They are:

"But the verification may be omitted, in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying, as a witness, concerning an allegation or denial contained in the pleading. A pleading cannot be used, in a criminal prosecution against the party, as proof of a fact admitted or alleged therein."

As to the extent of the privilege against incrimination and the extent of immunity conferred upon witnesses, I am bound to follow the fifth amendment to the Constitution of the United States, the acts of February 25, 1903, 32 Stat. L. 903 (U. S. Comp. St. Supp. 1909, p. 1142), and June 30, 1906, 34 Stat. L. 798, and the decisions of the Court of Appeals of this circuit and of the Supreme Court of the United States.

The laws of the state of New York confer no sufficient immunity upon witnesses in respect to testimony which may incriminate them and the laws of the United States conferring immunity to persons testifying in connection with the interstate commerce law and anti-trust law does not extend to the verification of pleadings.

The decision in the Goff Case, supra, seems to me either to hold that corporations are entitled to the privilege against self-incrimination or to extend the personal privilege of an officer of a corporation to the corporation itself, most likely the former, as it permits the corporation to serve an unverified answer without any proof whatever that none of its officers can verify the answer without incriminating or tending to incriminate himself.

On the other hand, the decisions of the Supreme Court of the United States are directly to the contrary. Hale v. Henkel, 201 U. S. 43, 70, 78, 26 Sup. Ct. 370, 50 L. Ed. 652, a case arising under the anti-trust law, and Wilson v. United States, 221 U. S. 361, 382 to 388, 31 Sup. Ct. 538, 55 L. Ed. 771, a criminal case, if I understand them, hold distinctly that a corporation has no privilege against self-incrimination under the fifth amendment to the Constitution, and that its officers and employés cannot set up their personal privilege for its benefit. This being what the defendants are trying to accomplish in this case, the motion is denied.