(32 Misc. Rep. 319.)

### PEOPLE v. KELLY.

(Court of General Sessions, New York County. July, 1900.)

COURT OF GENERAL SESSIONS—FINE IMPOSED BY COURT OF SPECIAL SESSIONS
—REMISSION—WHEN PROPER.

Defendant was sentenced in the court of special sessions to fine and imprisonment, and to stand committed one day for each dollar of his fine unpaid, and, after serving his term of imprisonment and a part of the time on his unpaid fine, applied to the court of general sessions to remit his fine because he had been a good prisoner and was unable to pay the fine. *Held*, that the motion should be denied, with leave to renew at special sessions, since the court of general sessions, though having the power, under Code Cr. Proc. § 484, will not remit a fine imposed by the court of special sessions, unless for good cause shown, and the facts of defendant's good conduct, and his inability to pay his fine, were not such good reasons; the law providing a commutation of sentence for his good conduct, and his inability to pay the fine having apparently been taken into consideration in imposing sentence.

Joseph P. Kelly was convicted of a misdemeanor by the court of special sessions, and sentenced to fine and imprisonment, and to stand committed one day for each dollar of his fine unpaid, and applied to the court of general sessions for remission of his fine. Motion denied, with leave to renew at court of special sessions.

Edward J. Kenney, Jr., for the motion.

FOSTER, J. The defendant, for a serious misdemeanor (receiving money for promising to secure a position for the complainant in a street-cleaning department of the city of New York), was sentenced by the court of special sessions to one year's imprisonment, and to pay a fine of $400, and to stand committed one day for each dollar of the fine unpaid. This court is now asked to remit the fine, because the defendant has served the one year's imprisonment imposed, and also 25 days on account of the unpaid fine, has been a "good prisoner," and is unable to pay the balance of the fine. While this court has the undoubted power to remit such fine (Code Cr. Proc. § 484), it ought not to exercise it unless some good reason for so doing is shown; otherwise, this court would be sitting in review of the judgment of the court of special sessions. That court is given ample power to grant the relief prayed for by the act creating it (Laws 1895, c. 601), and it seems to me that no reason is given or appears why the application is not so made. That court imposed the fine after a hearing or trial, and with a full knowledge of the circumstances of the defendant's crime, and doubtless because it felt that the maximum imprisonment which it had power to inflict was not an adequate punishment for the crime of which the defendant was convicted. The good conduct of the prisoner is not a sufficient reason for the action of this court; for that the law gives, and the defendant has undoubtedly received, a commutation of sentence. Nor is his impecuniosity a sufficient reason; for the court of special sessions appears to have had that contingency in mind when it directed the detention of the prisoner one day for each dollar of the fine unpaid. For these reasons, notwithstanding the recommendation of the district attorney, I must deny the motion, but with leave to renew to the court of special sessions, or on such further facts as the petitioner may be able to present.

Motion denied, with leave to renew to the court of special sessions.