Let findings be prepared in accordance with the views above expressed.

---

KELLOGG v. MATCH SUPPLY CO. et al.   (No. 1–3.)

(Supreme Court, Appellate Division, Third Department.   January 15, 1915.)

PLEADING (§ 294*)—VERIFICATION—NECESSITY—PRIVILEGE OF WITNESS—CONSTITUTIONAL PROVISIONS.

Code Civ. Proc. § 523, excusing a verification where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, and providing that "a pleading cannot be used in a criminal prosecution against the party as proof of a fact ad-

mitted or alleged therein," does not grant full immunity, and violates defendant's constitutional rights; and hence section 529, not excusing defendant from verifying his answer to a complaint charging him with "any fraud whatever affecting a right or the property of another," is invalid, where the answer is to a charge of a criminal offense, so that defendant therein need not verify his answer, in an action for damages for fraudulent representations inducing the purchase of stock, there being an allegation that defendants conspired to defraud plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 885, 886; Dec. Dig. § 294.*]

Appeal from Special Term, Columbia County.

Action by Mary E. Kellogg against the Match Supply Company and Charles M. Kellogg for damages in inducing plaintiff to purchase stock by fraudulent representations, in which the complaint alleged that defendants unlawfully conspired and confederated to defraud plaintiff. From an order requiring her to receive an unverified copy of the answer of the defendant Kellogg (87 Misc. Rep. 418, 149 N. Y. Supp. 591), plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Holmes, Rogers & Carpenter, of New York City (Charles P. Rogers, of New York City, of counsel), for appellant.

John C. Watson, of Albany (J. Sheldon Frost, of Albany, of counsel), for respondent.

PER CURIAM. The action is in substance one for fraud, and not for conspiracy. Green v. Davies, 182 N. Y. 499, 75 N. E. 536, 3 Ann. Cas. 310. Section 529 of the Code of Civil Procedure, which provides that the defendant is not excused from verifying his answer to a complaint charging him with "any fraud whatever, affecting a right or the property of another," would, if valid, require this answer to be verified. Section 523 of the Code excuses a verification where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, and provides:

"A pleading cannot be used, in a criminal prosecution against the party, as proof of a fact admitted or alleged therein."

The provision quoted, however, does not grant full immunity, and therefore violates defendant's constitutional rights. Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110; People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303; People ex rel. Lewisohn v. O'Brien, 176 N. Y. 253, 68 N. E. 353. The language of the statute considered in the Counselman and Lewisohn Cases is as broad or broader than in the section of the Code under consideration. We therefore think that the provisions of section 529, above quoted, are not valid, where the answer is to a charge of a criminal offense. The defendant need not, therefore, verify his answer.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes