KELLOGG v. MATCH SUPPLY CO. et al.

(Supreme Court, Appellate Division, Third Department.   July 1, 1915.)

1. DISCOVERY ⬡⟶61—EXAMINATION BEFORE TRIAL—CORPORATION—INCRIMI-
NATING OFFICER.
   That an order, made in an action for conspiracy to induce plaintiff to
   purchase stock by fraudulent representations, for the examination of
   defendant company by its treasurer, sought to bring out testimony tend-
   ing to criminally involve the treasurer, as to which he did not complain
   or set up his personal privilege, was not ground for the vacation of the
   order on application of the company.
      [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec.
   Dig. ⬡⟶61.]

2. DISCOVERY ⬡⟶49—EXAMINATION BEFORE TRIAL.
   In an action against a company alleging a fraudulent conspiracy to
   sell its stock at a fictitious value, in which its treasurer, who was in a
   position to know some of the material facts, was permitted to file an
   unverified answer, an order for the examination of the company by its
   president and its treasurer in aid of plaintiff's cause of action would
   not be vacated; the fact that the company's president was not such
   at the time of the alleged transaction not showing that he could not give
   the information sought, and defendants' stipulation to produce all the
   books and papers at the trial not depriving the plaintiff of his statutory
   right to examine the officers of the corporation, and to have the books,
   papers, etc., at such examination.
      [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig.
   ⬡⟶49.]

Appeal from Special Term, Albany County.

Action by Mary E. Kellogg against the Match Supply Company
and another.   From an order denying its motion to vacate an order
directing its examination before trial, defendant Match Supply Com-
pany appeals.   Affirmed.

See, also, 151 N. Y. Supp. 1124.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Frost, Daring & Warner, of Albany (J. S. Frost, of Albany, of
counsel), for appellant.

Holmes, Rogers & Carpenter, of New York City (Charles P. Rogers,
of New York City, of counsel), for respondent.

WOODWARD, J.  On the 19th day of February, 1915, an order
was duly made and entered directing the examination of the defendant
Match Supply Company, by its president and treasurer, before trial.
Subsequently the defendant company moved this court for an order
setting aside the order for examination, and appeal comes to this
court from the order denying such motion.   The action rests in an
alleged fraudulent conspiracy, and the defendant Kellogg has been
permitted to serve an unverified answer.   165 App. Div. 885, 151 N.
Y. Supp. 361.

[1] The grounds of the motion to vacate the order above men-
tioned are that the "moving papers fail to comply with the require-
ments of rule 82 of the General Rules of Practice, in that the affi-

---

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

davit does not specify facts and circumstances which show that the examination of the defendant corporation is material and necessary; that the purpose of the examination is not to obtain evidence in support of plaintiff's claim, but to ascertain the existence of such claim; that the moving affidavit does not show that there is any fact as to which the witnesses directed to be examined could testify, except such as would be privileged; that under the issues in this action all the evidence sought to be obtained from the examination of the witness Kellogg tends to show him guilty of a crime; that the moving affidavit is insufficient to uphold the order, or any order for an examination, and particularly in that such affidavit fails to show the present condition of the action or the terms at which this action may be moved for trial," and various other matters; but the point emphasized, and apparently relied upon in the brief, is that the examination, in so far as it· seeks information from Mr. Kellogg, seeks to bring out testimony which would have a tendency to involve him criminally.

Just how this can be expected to relieve the defendant corporation from examination of its officers, where the moving papers comply with the provisions of the statute, does not suggest itself to us. Whatever may have been 'held in the earlier cases, upon which Matter of Attorney General, 21 Misc. Rep. 101, 47 N. Y. Supp. 20, relied, it is very clear that the modern rule does not sustain the position of the defendant corporation. In the case cited the court does not suggest that the fact that the examination will tend to show a crime on the part of the witness gives a third party any rights. It declares that it has frequently been held that, "where it clearly appears that the only material evidence sought by the examination will tend to show that the witness is guilty of a crime, the order to examine should be vacated upon the motion of the witness without waiting for him to plead his privilege"; but the witness is not here complaining of the proposed examination. It is the corporation. So far as the moving papers show, Mr. Kellogg is not asking to be relieved of the order. He is not before this court on appeal. It is the defendant corporation which is seeking to be relieved from the examination, and as the privilege which is suggested is purely personal to Mr. Kellogg, and he may not desire to avail himself of it, there is no reason why this court should disturb the order appealed from on this ground. Reynolds v. Reynolds, 81 Misc. Rep. 362, 142 N. Y. Supp. 1; Ryan v. Reagan, 46 App. Div. 590, 62 N. Y. Supp. 39; Matter of Sayre, 70 App. Div. 329, 75 N. Y. Supp. 286; Bioren v. Canadian Mines Co., 140 App. Div. 523, 125 N. Y. Supp. 392; Peterson v. Fowler, 143 App. Div. 282, 128 N. Y. Supp. 505.

[2] The pleadings in this case, upon which the motion is made, in connection with the affidavits, allege a fraudulent conspiracy to sell stock in the defendant corporation at a fictitious value, and the proceedings so far tend strongly to indicate that there is no desire on the part of the defendant to meet the issues. Mr. Kellogg, the treasurer, must have been in a position to know some of the material facts, and if he should, upon the proposed examination, avail himself of his privilege, there would be no one to disclose the necessary information, unless it might be the president of the corporation. It is said that the

present president was not holding that position at the time of the alleged transaction; but this does not show that he may not be in a position to have the information which is necessary to the plaintiff's cause of action, and we are of the opinion that the ends of justice will be best promoted by permitting the examination to go forward. The stipulation by the defendant to produce all of the books and papers at the trial does not deprive the plaintiff of her right under the statute to examine the officers of the corporation and to have the books, papers, etc., produced at such examination. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078.

The order appealed from should be affirmed, with costs, and the examination of the defendant corporation, by its officers, should proceed forthwith.

Order affirmed, with $10 costs and disbursements. All concur.