LEVI S. CHAPMAN, Respondent, *v.* GRANT SELOVER, Appellant.

**Villages — misdemeanor — motor vehicles — incorporated villages may by ordinance limit the speed of automobiles and provide that violation of ordinance is a misdemeanor punishable by a fine and imprisonment if fine is not paid — false arrest — action for false arrest of person violating such an ordinance cannot be maintained.**

1. The state, when it punishes misdemeanors by fine, is not confined to the remedy of a civil action for a penalty. (Code Civ. Pro. § 1962.) The offender who refuses to pay may be imprisoned until the fine is satisfied, subject to the condition that the imprisonment may not exceed one day for every dollar of the fine. (Code Crim. Pro. §§ 484, 718.)

2. Under the Highway Law (Cons. Laws, ch. 25, §§ 287, 288, 290) an incorporated village may by ordinance limit the speed of automobiles in the village to fifteen miles an hour and provide that a violation of the ordinance is a misdemeanor punishable by a fine not exceeding that prescribed by subdivision 2 of section 290, and if the fine be not

paid the offender may be imprisoned. Hence a person arrested for violation of such ordinance cannot maintain an action for false arrest against the officer who arrested him upon the ground that the village authorities have no power to enforce the ordinance except under the Village Law (Cons. Laws, ch. 64, § 93), and, therefore, have power only to prescribe a penalty for a violation of the ordinance.

*Chapman* v. *Selover*, 172 App. Div. 858, reversed.

(Argued January 17, 1919; decided January 28, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 8, 1916, reversing a judgment in favor of defendant entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. W. O'Brien* and *Cleveland J. Kenyon* for appellant. The board of village trustees was authorized by statute to adopt the ordinance in question, and the provisions of the statute authorizing its adoption were complied with in all respects. (L. 1910, ch. 374, § 288; *People* v. *Chapman,* 88 Misc. Rep. 469; *People* v. *Stevens,* 13 Wend. 341; *People* v. *Snyder,* 90 App. Div. 422; *People* v. *Meakim,* 133 N. Y. 214; *People ex rel. Hainer* v. *Keeper,* 190 N. Y. 315; *People* v. *Bell,* 148 N. Y. Supp. 753.)

*Harry E. Newell* for respondent. The ordinance adopted by the village was void and the trial court correctly charged that the violation thereof was not an offense. (Cons. Laws, ch. 25, § 280; *People* v. *Knapp,* 206 N. Y. 373; *People* v. *Chapman,* 88 Misc. Rep. 469; *People* v. *City of Buffalo,* 93 Misc. Rep. 275; 175 App. Div. 218; 220 N. Y. 715; *People* v. *State Reformatory,* 38 Misc. Rep. 241; *People* v. *Keeper, etc.,* 38 Misc. Rep. 233; *People* v. *Garabed,* 20 Misc. Rep. 127; *Fuller* v. *Redding,* 16 Misc. Rep. 634; *People ex rel. Kane* v.

*Sloane,* 98 App. Div. 450; *Hattenbach* v. *N. Y. C. & H. R. R. R. Co.,* 18 Hun, 129; *City of Buffalo* v. *Schliefer,* 25 Hun, 272; *People* v. *Garabed,* 25 App. Div. 624.)

CARDOZO, J.   The action is for false arrest.   On July 19, 1914, the plaintiff drove his automobile in the village of Tully, Onondaga county, at a greater rate of speed than fifteen miles an hour.   He was arrested, without a warrant, by a police officer of the village.   A village ordinance regulating motor vehicles establishes a speed limit of a mile in four minutes, and provides that offenders shall be guilty of a misdemeanor, punishable by a fine not exceeding $50.   The validity of this ordinance is the question to be determined.

Section 287 of the Highway Law (Consol. Laws, chap. 25) requires " every person operating a motor vehicle on the public highway of this state " to " drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person."   It adds that " a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."   Section 290, subdivision 2, provides that " the violation of any of the provisions of section 287 of this article shall constitute a misdemeanor punishable by a fine not exceeding $100."   Section 288 withdraws from the local authorities the power to adopt ordinances inconsistent with the statute, but provides " that nothing in this article contained shall impair the validity or effect of any ordinances, regulating the speed of motor vehicles, * * * in any city of the first class or in any city of the second class in a county adjoining a city of the first class," and provides also that " the local authorities of other cities and incorporated villages may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways,

such speed limitation not to be in any case less than one mile in four minutes," on condition, however, that a prescribed sign be displayed by way of warning to travelers, and " also on further condition that such ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in subdivision 2 of section 290 of this chapter, but, except in cities of the first or second class shall not exceed the same." The Appellate Division held that under this section the village authorities are empowered to punish offenders by fines, but not to declare the offense a misdemeanor. The ordinance, it was held, has no other sanctions than those attached to village ordinances generally by section 93 of the Village Law (Consol. Laws, chap. 64). That section provides that " the board of trustees of a village may enforce obedience to its ordinances by prescribing therein penalties for each violation thereof, not exceeding $100 for any offense," and " in addition to the penalty the board may also ordain that a violation thereof shall constitute disorderly conduct." Violation of this ordinance is not disorderly conduct, for the ordinance does not so declare it, and so it is said that the only remedy available is a civil action for the penalty (Village Law, sec. 339).

We think the power of the local authorities has been too narrowly construed. A speed that is safe in the open country may be dangerous in cities and villages. The purpose of the legislature, in its delegation of the ordinance power, was not to relax in such localities the rules of the road. It was to make them more rigid. We should be slow to construe the statute as making excessive speed a misdemeanor in districts where the danger is slight, and in denying to it a like quality where the danger is great. Its language does not force us to a construction so unreasonable (*Matter of Meyer*, 209 N. Y. 386). Sec-

tion 290 of the Highway Law has the heading "punishment for violation." Its subdivisions cover violations of many kinds. In some subdivisions (as in subdivision 2), violation is declared a misdemeanor punishable by fine. In others (as in subdivisions 3, 4, 5 and 9), it is declared a misdemeanor punishable by fine or imprisonment or both. In all alike, the definition of the violation as a misdemeanor affects the punishment imposed. The state when it punishes misdemeanors by fine, is not confined to the dubious remedy of a civil action for a penalty (Code Civ. Pro. sec. 1962). The offender who refuses to pay may be imprisoned until the fine is satisfied, subject to the condition that the imprisonment may not exceed one day for every dollar of the fine (Code Crim. Pro. secs. 484, 718; *Colon* v. *Lisk,* 13 App. Div. 195, 204, 205; affd., 153 N. Y. 188). The punishment is not solely the liability for a debt. The punishment includes the consequences that follow upon default. The law defines the consequences when it classifies the offense.

The statute gives the local authorities the power to fix the punishment for violation of the local rule. The power to fix the punishment is something more than the power, when declaring the rule, to fix the measure of the fine. It is the power to prescribe the sanctions that shall render the rule effective. It is broad enough to cover all the penal consequences of the offense. The punishment may not exceed "those specified in subdivision 2 of section 290." By implication it may equal them. It may include the remedies and sanctions inherent by force of statute in the definition of a crime.

The order of the Appellate Division should be reversed, and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.