Donald King, an Infant, by Ruth E. King, His Guardian ad Litem, and Others, Appellants, *v.* Harlow E. Terwilliger, Respondent.  (Consolidated Action.)

Fourth Department, May 8, 1940.

*John J. Brown [Eugene V. Hanavan* of counsel; *Erma R. Hallett* with him on the brief], for the appellants.

*Whiteman & Whiteman [Floyd E. Whiteman* of counsel], for the respondent.

Taylor, J.  The plaintiffs — in nine actions brought against the defendant to recover for personal injuries and property damage alleged to have resulted from a collision between two automobiles — appeal from orders requiring their attorney to accept service of unverified answers in each action, which answers had been previously served upon the attorney for the plaintiffs and by him returned to the defendant's attorney because they were unverified.

Each complaint alleges that the automobile in which plaintiffs were riding was proceeding southerly on Route 16 and was struck by an automobile owned and operated by the defendant, which was also proceeding in a southerly direction along the same State highway. Whether defendant's automobile was driven into the rear of the plaintiffs' auto or " side-swiped " it while passing is not stated. The allegations of each complaint as to defendant's negligence are identical and read as follows: " That said accident was caused solely through and by reason of the carelessness and negligence of the defendant, in driving, operating and managing said automobile; in driving the same at a high, dangerous and unlawful rate of speed; in failing to have the same under proper control; in failing to give any notice or warning of the approach of said automobile; in failing to keep a proper and adequate lookout; in driving the same in violation of the statutes of the State of New York, regulating automobiles and other motor vehicles; upon information and belief by reason of said automobile being in a dangerous and defective condition, improperly equipped and constructed and through no fault or want of care on the part of this plaintiff." Each answer interposed a general denial to the allegations of the complaint.

The question here presented is whether the defendant " would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading." (Civ. Prac. Act, § 248.)

A witness is not required " to give an answer which will tend to accuse himself of a crime or to expose him to a penalty or forfeiture." (Civ. Prac. Act, § 355.)

In *Rutherford* v. *Krause* (8 Misc. 547) the complaint in a negligence action alleged that defendant wrongfully and immoderately drove a team of horses on a public highway while he was drunk. The court held that an unverified answer was proper, citing *Goff* v. *Star Printing Co.* (21 Abb. N. C. 211) and *Friess* v. *N. Y. C. & H. R. R. R. Co.* (67 Hun, 205), and that this was so notwithstanding that the pleading could not be used in a criminal prosecution against the party. (See, also, Code Crim. Proc. § 392-a.)

In *Anderson* v. *Doty* (33 Hun, 238) the plaintiff sought to restrain a nuisance. The complaint alleged that defendant kept a bawdy-house which was a public nuisance. The court held that the defendant was entitled to serve an unverified answer.

In *Thompson* v. *McLaughlin* (138 App. Div. 711) the court held that an unverified answer was regular where the complaint, in an action to recover damages for fraud, charged the defendant and other officers and directors of a corporation with having made and published material false statements of the financial condition of the corporation, in reliance upon which the plaintiff purchased cor-

porate stock. (See, also, *Kellogg* v. *Match Supply Co*, 165 App. Div. 885, and cases cited.)

*Travelers Ins. Co.* v. *Mulligan* (231 App. Div. 222) was an action to recover additional premiums on workmen's compensation and employers' liability policies issued by plaintiff to defendant. The complaint charged that defendant exhibited false payroll records to plaintiff, thereby obtaining a premium rate lower than defendant was entitled to receive. The court held that, although the complaint did not expressly charge defendant with the commission of a crime, the facts alleged warranted the inference that defendant was guilty of forgery and that a verified answer was not required.

*Meyer* v. *Mayo* (173 App. Div. 199) was an action to recover damages for breach of promise to marry. The complaint charged that defendant promised to marry plaintiff and went through the ceremony of marriage with her when he had a wife living, from whom he was not divorced. Upon defendant's examination before trial he refused to answer questions in respect to the facts of the former marriage. On defendant's appeal from an order directing him to answer those questions the order was affirmed upon the ground that he had waived the privilege accorded by section 837 of the Code of Civil Procedure, now section 355 of the Civil Practice Act. The court said: " The defendant in his verified answer has denied the facts which his counsel claims would tend to incriminate him. If he desired to put the plaintiff to her proof, and still save his privilege, he could have done so by serving an unverified answer."

The Vehicle and Traffic Law (Cons. Laws, chap. 71) prescribes numerous rules to govern the conduct of motorists in respect to the operation and equipment of motor vehicles, the infraction of which subjects the offender to penalties ranging from a fine not exceeding ten dollars to imprisonment in a State prison.

Consideration of the allegations of the complaints in the light of the penal provisions of the Vehicle and Traffic Law leads to the conclusion that the sum of such allegations, in respect to the defendant's conduct, clearly charge the defendant with violating sections 15, 56 and 58. Since a violation of these provisions subjects the offender to criminal prosecution and, upon conviction, to fines or imprisonment, or both (see *Chapman* v. *Selover*, 225 N. Y. 417, 421), I am of the opinion that the defendant was not required to verify his answers.

The orders should be affirmed, with ten dollars costs and disbursements.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Orders affirmed, with ten dollars costs and disbursements.