THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR J. BAKER, JR., Defendant.

County Court, Schoharie County, September 27, 1944.

*James L. Gage, District Attorney,* for plaintiff.

*David B. Alford* for defendant.

*Everett L. Mereness, Justice of the Peace,* in person.

WHARTON, J. The defendant by an order to show cause directed to the District Attorney and the presiding Justice of the Peace has moved for the remission of the defendant's fine and for a determination as to his sentence under section 2193 of the Penal Law.

The Justice's return indicates that the defendant was convicted by a plea of guilty to the crime of petit larceny on April 22, 1944, in a Court of Special Sessions of the Town of Sharon. He was thereupon examined by two qualified examiners and committed to the Institution for Male Defective Delinquents at Napanoch, New York, where he remained in confinement for approximately one month. However, on the 18th day of May, 1944, the Commissioner of Correction of New York State having determined that the defendant was not a proper subject for the above institution, directed, pursuant to section 442 of the Correction Law, that he be returned to the committing magistrate for sentence. Accordingly and on May 24, 1944, the defendant was sentenced by the Court of Special Sessions to serve six months in Schoharie County Jail and was fined fifty dollars, to be imprisoned until said fine should be paid not exceeding fifty days. He urges that his fine should be remitted by reason of his inability to make payment and secondly that his family is in need of support. Ordinarily such grounds are not sufficient to alter the sentence and judgment of the Court of Special Sessions and I am further unimpressed by reason of the fact that the defendant has been previously convicted of similar offenses on several occasions.

The defendant's request for credit for time spent at Napanoch nevertheless presents an interesting question. Subdivision 1 of section 2193 of the Penal Law prescribes: " 1. Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him  *  *  *  ". Section 438 of the Correction Law provides that a male mental defective over sixteen years of age convicted of a criminal offense may be committed to Napanoch upon the certification of two qualified examiners. If this institution can be considered a prison, then the defendant is entitled to credit for time spent there as well as time spent in a county jail previous to sentence. A prison has been defined as follows: " A public building or other place for the confinement or safe custody of persons, whether as a punishment imposed by the law or otherwise in the course of the administration of justice " (Black's Law Dictionary [3d ed.]). Along the same line the Legislature has defined as follows: " Definition of Prison.—The term, ' prison,' as used in this article, means any place designated by law for the keeping of persons held in custody under process of law, or under lawful arrest." (Penal Law, § 1690.)

In the light of the foregoing definitions it would appear that the Institution for Male Defective Delinquents at Napanoch should in this instance be considered a prison within the meaning of section 2193 of the Penal Law. The application for the remission of fine is denied and the order may provide that the defendant receive full credit for time spent in the county jail and at Napanoch previous to his resentence, the same to be calculated as a part of the term of his sentence.