THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES
WATSON, Defendant.

Court of General Sessions of County of New York, February 25, 1953.

*Frank S. Hogan, District Attorney (Carl A. Vergari* of counsel), for plaintiff.

*Florence M. Kelley* and *Charles Schinitsky* for defendant.

GELLER, J.  This is a motion by the defendant for remission of a $500 fine imposed in this court by WALLACE, J., and for other relief.

The defendant was indicted on August 15, 1952.  The indictment contained four counts; two charging him with two separate crimes of abortion, and two with unlawful practice of medicine. The defendant was permitted to plead guilty to one count of unlawful practice of medicine, and was sentenced, on October 17,

1952, to the penitentiary of the city of New York for the term of one year, to pay a $500 fine, and in default of payment, to serve an additional period of confinement.

The penalty for unlawful practice of medicine is fixed by statute. Subdivision 4 of section 6513 of the Education Law provides that the punishment for this crime is " imprisonment for not more than one year or by fine of not more than five hundred dollars, or by both such fine and imprisonment ". This statutory penalty is plainly reasonable and within the constitutional power of the Legislature. In imposing the maximum fine, the experienced and learned sentencing Judge, who had before him a complete probation report, which reflected the imposing criminal record of the defendant, acted within the scope of his judicial discretion.

The power of this court under section 484 of the Code of Criminal Procedure to remit a fine is discretionary, but this discretion should not be exercised unless the fine as imposed was arbitrary, unreasonable, or excessive (see *People* v. *Hershey Farms,* 175 Misc. 641), or unless there are compelling circumstances arising subsequent to the imposition of the fine which convince the court that the remission of the fine will serve the ends of justice.

The defendant's application for remission of his fine is based on his claim that because he was and is unable to pay the imposed fine and in default of payment he will be required, under the sentence of the court, to serve an additional period of confinement, the fine is an excessive fine prohibited by section 5 of article I of the Constitution of the State of New York.

The fine imposed on the defendant was a reasonable penalty authorized by statute. Inability to pay such a reasonable fine does not render the fine unreasonable or excessive (see *People* v. *Kelly,* 32 Misc. 319; and *People* v. *Baker,* 183 Misc. 113); nor is the method of enforcing the fine in default of payment improper, as this method of enforcement is expressly provided for by statute (Code Crim. Pro., § 484). In providing that a judgment that defendant pay a fine may also direct that he be imprisoned in default of payment for an additional period of confinement, this statute discloses the legislative intent that inability to pay a fine should not constitute a legal objection to a fine, and that the State should not be relegated to the dubious remedy of a civil action for a penalty to enforce a fine (see *Chapman* v. *Selover,* 225 N. Y. 417). In the circumstances of this case, neither the fine nor the method of enforcing the fine, both of which are sanctions of the criminal law of long standing,

presents constitutional questions. The fine imposed on the defendant was neither excessive nor in violation of his constitutional rights. Furthermore, certainly no compelling facts are disclosed by this application which would warrant this court in exercising its discretionary power to remit the fine imposed.

The defendant also raises a question as to the legality of his commitment to the penitentiary of the city of New York, citing subdivision (f) of section 203 of the Correction Law, which provides in substance that no person shall be committed to the named penitentiary " for a term of imprisonment with a fine imposed in addition to the term of imprisonment ". There is no legal merit to the claim of the defendant that his commitment was illegal because of the fine included in his sentence. Subdivision (f) of section 203 precludes the commitment of a person to an *indeterminate term* in the named penitentiary with an imposed fine, but does not limit the commitment of a person, like the defendant, who is committed for a *fixed term* with an imposed fine, since subdivision (f) of section 203 is only applicable to and a limitation on indeterminate commitments. This is apparent from a reading of subdivision (e) of section 203 of the Correction Law. (See *People* v. *Thompson,* 251 N. Y. 428.) The defendant, having been sentenced under subdivision 4 of section 6513 of the Education Law to a fixed term of one year with a fine, was properly committed to the penitentiary of the city of New York under subdivision 1 of section 2182 of the Penal Law.

The motion is denied in all respects. Submit order.