Michael Catalano, J.
Plaintiffs move to examine, relevant to the issues herein, Roger Blackwell, Henry Gallant and Pat Abulone.
Plaintiffs sue for wrongful discharge from the employment of defendant, Mullen and Gunn, Inc. On September 10, 1964 plaintiffs served a notice to take the testimony of said defendant by Gordon H. Gunn, Robert Gunn, Pat Abulone, Donald Shu *945 maker and Roger Blackwell and any other officers, agents and employees having knowledge of the issues herein.
'Commencing January 20, 1965, the testimony of Gordon H. Gunn and Robert Gunn was taken. Donald Shumaker was no longer in the employ of said defendant which refused to produce its employees Pat Abulone and Roger Blackwell to testify. It appeared that Henry Gallant, said defendant’s treasurer, had knowledge bearing on the issues.
Plaintiffs’ attorney’s affidavit states, in part: “ That they were discharged on August 23, 1961 and a Negro and a Jew were hired to take their places.” “ That Roger Blackwell, a Negro, according to testimony received at the examination before trial of the defendants held on January 20, 1965, was engaged hy the defendant Mullen and Gunn, Inc., to replace one of the plaintiffs and that Donald Shumaker, a person of the Hebrew Faith or Jewish Religion, was hired to take the place of the other plaintiff.” Pat Abulone was sales representative to defendant Mullen though in defendant Walker’s employ at the time of the discharge.
Robert C. Gunn, an officer of defendant Mullen, states that Pat Abulone was an employee of defendant Walker at the time of discharge, and later became employed by defendant Mullen. Blackwell began to work for defendant Mullen “ subsequent to the termination of the employment of the plaintiffs.” Henry Gallant is defendant Mullen’s fiscal officer and has nothing to do with hiring or firing. Defendant Mullen has produced several officers and employees including Robert C. Gunn, and Gordon H. Gunn, its president.
Defendant Mullen moves to deny plaintiffs ’ motion and for a protective order “ against any further examination of the defendant Mullen and Gunn, Inc., incidental to this action.”
It was stipulated by counsel to the parties in open court that an exhibit was used during the examination before trial, stating, in part: “ Roger Blackwell — started 8/21/61; Don Shumaker — started 8/21/61; P. Abulone — started 4/21/62.”
The complaint alleges that defendant Walker maliciously compelled defendant Mullen to fire plaintiffs and hire “ a person of the Negro race and a person of the Hebrew faith to their sales staff, in accordance with the wishes and demands of the defendant ífíram Walker, Inc.” It alleges that “ the plaintiffs were discriminated against because of their age, race, creed, color or national origin * * * The plaintiffs were discharged by virtue and by reason of the fact that the plaintiffs were Caucasians and their religions were non-Hebrew and for the further *946 reason that the plaintiffs were the oldest salesmen on the sales staff of the defendant Mullen and Gunn, Inc.”
CPLR 3101 (subd. [a]) provides, in part: “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: (1) a party, or the officer, director, member, agent or employee of a party; * * * and (4) any person where the court on motion determines that there are adequate special circumstances, (b) Privileged matter. Upon objection by a party privileged matter shall not be obtainable.”
CPLR 3103 (subd. [a]) provides: “ The court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.”
“Special circumstances ’ ’ should be liberally construed to permit the examination of a witness who, because of relationship or former or present employment is likely to be hostile to the party seeking the examination. (Angell v. Booth, 169 Misc. 735, 736.) A witness employed by defendant is likely to be reluctant, unwilling and hostile toward plaintiff. (Kraushaar v. Gross, 270 App. Div. 953; see, also, Cataldo v. Long Is. R. R. Co., 268 App. Div. 1054.) Defendant’s agent who handled the transaction in issue may be examined by plaintiff. (Laruffa v. Astarita, 264 App. Div. 785.)
In 1938, the New York State Constitution was amended to include section 11 of the Bill of Rights (art. I), providing that: “ No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation, or institution or by the state or any agency or subdivision of the state.”
In February, 1947, it was held that no new civil rights were created by this amendment; it was merely permissive in character. (Kemp v. Rubin, 188 Misc. 310, 314, affd. 273 App. Div. 789, revd. on other grounds 298 N. Y. 590.) It was felt that the courts should not judicially legislate; it was for the legislative to speak on the subject. (Ibid.) In July, 1947, it was mentioned in passing that from a sociological point of view, a policy of exclusion and discrimination because of race, color, creed or religion was unwise, but it was a legislative matter. (Dorsey v. Stuyvesant Town Corp., 190 Misc. 187, 193, affd. 274 App. Div. 992, affd. 299 N. Y. 512, cert. den. 339 U. S. 981. See. also. *947 43 Cornell L. Q. 393; 27 Fordham L. Rev. 195.) The Kemp and Dorsey cases did not involve employment.
Since 1909, the Executive Law, in substance provided in section 296, that:
“ 1. It shall be an unlawful discriminatory practice:
“ (a) For an employer, because of the age, race, creed, color or national origin of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.” (L. 1909, ch. 23, § 131; L. 1945, ch. 118, § 1; L. 1952, ch. 285, § 6; L. 1958, ch. 738, § 1.)
“6. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.” (L. 1909, ch. 23, § 131; L. 1945, ch. 118, § 1; renum. 6 by L. 1961, ch. 414, § 4.)
Since 1941, the Penal Law, in substance provided in section 700, that: “No person shall, because of race, creed, color or national origin, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.” (L. 1941, ch. 910; L. 1945, ch. 292, § 10.) Any violator, or aider or inciter to violate thereof, shall be liable to a penalty of $100 to $500 for each offense recoverable by the victim, and also, be guilty of a misdemeanor. (Penal Law, § 701; L. 1941, ch. 910.)
An examination before trial will be ordered although it might result in compelling the witness to give evidence against himself, because the right to refuse to incriminate oneself is a personal right and must be claimed at the time the questions are asked. (Heit & Weisenthol v. Licht, 218 App. Div. 753, followed: United Ind. Syndicate v. Weismann, 2 A D 2d 663.)
Here, Boger Blackwell, a Negro, is the incumbent of one of the plaintiffs’ sales jobs with defendant Mullen; Pat Abulone was sales representative to defendant Mullen while employed by defendant Walker and when plaintiffs were discharged, he is now employed by defendant Mullen; Henry Gallant is defendant Mullen’s fiscal officer who knows about salaries, commissions on sales, pension-retirement and death benefits of Mullen’s employees. Adequate special circumstances exist for the examination. Any question that might tend to incriminate any of them must be so claimed at the time such question is asked. No claim of privileged matter is made here.
*948 Defendant Mullen has been most co-operative to date in allowing and making full disclosure. Therefore, the order to be granted should be drafted to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice; it shall be settled on stipulation of counsel or on two days’ notice before the undersigned.
Plaintiffs’ motion granted in accordance with the above; defendant Mullen’s motion denied, without costs.