David O. Boehm, J.
The plaintiff, owner of certain premises known as 2121 East Main Street, Rochester, New York, brought the present civil action alleging that the infant defendants, Ronnie Courtright and John Andressi, damaged the plaintiff’s property as a result of a fire which they caused.
The complaint alleges four causes of action; the first in trespass ; the second in negligence; the third alleges that defendants Herbert T. Courtright and Madeline R. Courtright, the parents of Ronnie Courtright, were careless in that, knowing the propensities of their son to set fires, they failed to take proper precautions to protect the plaintiff therefrom; the fourth cause of action alleges that defendants Barbara La Poma and Mario La Poma failed to protect the plaintiff from the similarly known propensities of their son, defendant John Andressi.
At an examination before trial of the defendants, the infant defendants refused to answer certain questions put to them regarding their activities at or near the plaintiff’s premises on March 7, 1968, the date when the fires were alleged to have been set, on the ground that their answers would tend to incriminate them. The defendant parents also refused to answer all questions as to the occurrence as well as questions regarding any prior possession of matches by their sons or their setting of any previous fires, on the same ground. Although the infant defendant John Andressi was not individually represented by counsel at the examination before trial, the attorneys for the *722 Courtrights and Mr. and Mrs. La Poma undertook to represent him amicus curiae and he obeyed their direction not to answer for the foregoing reason.
The right of any witness in a civil case, whether or not a party, to invoke the privilege against self incrimination was carried over from section 355 of the Civil Practice Act into CPLR 4501. The scope of the coverage has been extended to any witness in a civil or criminal case, administrative proceeding or legislative hearing. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4501.06.)
As the basis for their refusal to answer, the Courtrights in their opposing affidavit allege that the complaint makes allegations sufficient to make out the crimes of criminal trespass in the third degree under former section 140.05 of the Penal Law, arson in the third degree under section 150.05 of the Penal Law, and arson in the second degree under section 150.10 of the Penal Law.
Although both of the infant defendants are juveniles, the Family Court Act (§ 741, subd. [a]) protects a juvenile’s right to remain silent even though adjudications involving juveniles are not considered crimes. “ While there is disagreement on the matter, a sound argument can be made that the child is entitled to the privilege as a matter of constitutional right.” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4501.06, p. 45-11.)
Of course, the parents of the children, including defendant Mario La Poma who is Andressi’s stepfather, are not claimed to be directly involved in the damage to plaintiff’s building, except in a passive way. However, they, too, are subject to possible criminal penalties. Although they have exercised their privilege in a very general way without asserting, either at the examination before trial or in their opposing affidavits, the criminal activity which they believe they may fall within, the court takes judicial notice of the existence of section 260.10 (subd. 2) of the Penal Law (Endangering the Welfare of a child), and that a violation thereof is a misdemeanor.
All that is required to sustain the privilege is a reasonable fear of prosecution for a crime. As the Second Department observed: “ The constitutional and statutory safeguards (N. Y. Const., art. I, § 6; Civ. Prac. Act, § 355; cf. Code Crim. Pro., §§ 10, 392-a) protect a person from being required to furnish evidence which might tend to show that he has committed a crime or will ‘ tend to accuse himself of a crime ’ (Civ. Prac. Act, § 355; Counselman v. Hitchcock, 142 U. S. 547, 562; People ex rel. Lewisohn v. O’Brien, 176 N. Y. 253.) When the statutes relating to the crimes of adultery (Penal Law, §§ 100, 101), bigamy *723 (Penal Law, § 340), and perjury and subornation of perjury (Penal Law, art. 158) are considered in the setting involved at the time of the examination before trial, it is apparent that the appellant’s conduct was not clearly contumacious, that he had the right to judge for himself as to the effect of his answer, and that ‘ a responsive answer to the question or an explanation of why it cannot be answered might be dangerous ’ (Hoffman v. United States, 341 U. S. 479, 487; United States v. Reynolds, 345 U. S. 1; Matter of Grae, 282 N. Y. 428; People ex rel. Lewisohn v. O’Brien, supra).” (Wiener v. Wiener, 283 App. Div. 950.)
In a later application of the rule, the Third Department suggested the standard which should be applied: “The rules or principles relative to self incrimination are easy to state but frequently difficult to apply with any satisfactory degree of certainty. The witness himself must necessarily be the best judge, under ordinary circumstances, whether an answer will lead to incriminating him, but if it clearly appears that he is using the privilege as a sham or subterfuge, the question of privilege may become one for the exercise of the court’s discretion (People ex rel. Taylor v. Forbes, 143 N. Y. 219; People v. Priori, 164 N. Y. 459; Mason v. United States, 244 U. S. 362). It is recognized that neither the courts nor anyone else can possibly anticipate the effects of an answer in all questions where the privilege is claimed. Hence a rough and ready rule has been adopted to the effect that a witness ought not to be compelled to answer, where he has claimed the privilege, if there is a reasonable doubt or fair argument that his answer may tend to incriminate him, or furnish a link in the chain of incrimination.” (Triangle Pub. v. Ferrare, 4 A D 2d 591, 593-594; see, also, 5 Weinstein-KornMiller, N. Y. Civ. Prac., par. 4501.11.)
This protection against self incrimination applies not only to the trial, but to all of the pretrial stages as well, including examinations before trial (Bradley v. O’Hare, 2 A D 2d 436); discovery (Matter of Siegel v. Crawford, 266 App. Div. 878, affd. 292 N. Y. 651); and pleadings (King v. Terwilliger, 259 App. Div. 437; Travelers Ins. Co. v. Mulligan, 231 App. Div. 222).
Indeed, the privilege is so strong, that although the Code of Criminal Procedure (§ 392-a) prohibits a pleading in a civil action from being used in a criminal prosecution against a party as proof of a fact admitted in it, the defendant is nevertheless not obliged to verify his answer in an action where the complaint alleges acts such as violations of the Vehicle and Traffic Law, which might subject him to criminal prosecution. (King v. Terwilliger, supra.)
*724 That the defendants responded to some of the questions at the pretrial examination does not bar them from asserting the privilege. Whether as a party or as a witness in a civil suit, one does not waive his privilege merely because he has testified. (Steinbrecher v. Wapnick, 24 N Y 2d 354.) 11 In order to preserve the rule that a witness must respond to questions if the answers are not incriminating, therefore, the principle has been established that, even where the witness has already given testimony as to a particular transaction, he is still entitled to refuse to answer questions unless it is £ perfectly clear and plain * * * that the answer cannot possibly injure him, or tend in any degree to subject him to the peril of prosecution.’ (People ex rel. Taylor v. Forbes, 143 N. Y. 219, 231, supra.) This rule applies unless the defendant has actually waived — that is, consciously relinquished — the right to remain silent either by an express agreement or by voluntarily making a statement that is actually incriminatory and evidences a willingness to forego his constitutional privilege.” (Steinbrecher v. Wapnick, supra, pp. 361-362.)
Although there is an important exception to this rule, it is not involved here. (Levine v. Bornstein, 6 N Y 2d 892; Brown v. United States, 356 U. S. 148; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3126.15.)
At the examination before trial, the defendants Courtright and Barbara La Poma, properly exercised their privilege against self incrimination after being advised not to answer by their attorneys, and the plaintiff’s application is denied as to them.
Although the privilege is personal to the witness who may be incriminated, it may be claimed for him by his counsel. But, because the privilege is a personal right and must be claimed at the time the questions are actually asked, the defendants John Andressi and Mario La Poma are directed to submit to a further examination before trial even though the purpose of such examination is to compel them to give evidence against themselves. (Flanigen v. Mullen & Gunn, 45 Misc 2d 944.)
The privilege was exercised on behalf of the infant defendant John Andressi by counsel for some of the other parties. However, counsel for one party cannot insist that another witness, whom he does not represent, claim the privilege. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4501.09.) It is assumed that at any further examination before trial defendant Andressi will be represented by his own counsel who, at that time, can exercise the privilege on Andressi’s behalf if he deems it appropriate.
The defendant Mario La Poma is directed to submit to a further examination before trial because of his failure at the first *725 examination before trial to claim the privilege. There, the reason stated by his attorney for advising Mario La Poma not to answer, was that there was no showing that he exercised any control or supervision over Andressi as his stepfather. This is not a proper ground for objection, nor may he refuse to answer because a third person, i.e., his stepson, would be incriminated thereby. Only the person questioned can object on his own behalf that a question may be incriminating. (4 Bender’s N. Y. Law and Proof, § 242.06, subd. [1], p. 306; People ex rel. Lewisohn v. O’Brien, 176 N. Y. 253.) However, Mr. La Poma may invoke the privilege at any subsequent examination before trial regarding his knowledge of his stepson’s alleged propensities and the supervision and control which Mr. La Poma exercised over his stepson, if he then sees fit.