OPINION OF THE COURT
Armando Montano, J.
Plaintiffs’ motion to strike is denied in part and granted in part, and defendant Peter Speciale’s cross motion for a stay is denied in its entirety for the reasons set forth herein.
The instant action arises from a motor vehicle accident that occurred on May 18, 2015. Plaintiff Victorialee Arger-Medina alleges that codefendant Peter Speciale, a Port Authority Police Department Officer, was operating the motor vehicle that struck her vehicle causing her to sustain personal injuries. Plaintiff Dax Medina, the spouse of Victorialee Arger-Medina, is also a party to this action and is claiming loss of services. Plaintiffs sued the Port Authority of New York and New Jersey, the Port Authority Police Department (hereinafter the Port Authority), and Officer Speciale, individually. Subsequent to and as a result of the subject accident, the New York County District Attorney’s Office commenced an investigation relative to the accident; however, same was closed by the District Attorney’s Office. Therefore, currently, there are no pending criminal actions against Officer Speciale. However, sometime in *904 2016, the Port Authority commenced an internal disciplinary proceeding against Officer Speciale and a determination remains pending.
On April 13, 2016, this court issued a preliminary conference order directing, inter alia, that plaintiffs and Officer Speciale appear for an examination before trial on or before August 4, 2016. In his opposition papers, Officer Speciale alleges that the depositions were not conducted because plaintiff Victorialee Arger-Medina failed to provide HIPAA authorizations pursuant to the April 13, 2016 order. On September 27, 2016, this court issued a compliance conference order again directing that plaintiffs and Officer Speciale appear for an examination before trial by certain dates, which again were not conducted allegedly due to a surgical procedure that plaintiff Victorialee Arger-Medina had to undergo. After a second compliance conference was held on March 10, 2017, plaintiffs’ depositions were ultimately taken and the parties agreed that Officer Speciale’s deposition was to be conducted on July 13, 2017. According to plaintiffs, on July 12, 2017, Officer Speciale’s attorneys informed them that they were not going to produce Officer Spe-ciale due to the pending disciplinary proceeding brought by the Port Authority.
Plaintiffs now move for an order pursuant to CPLR 3126 striking Officer Speciale’s answer, or in the alternative, for an order pursuant to CPLR 3124 compelling Officer Speciale to appear for an examination before trial on a date certain and extending the time in which a note of issue must be filed.
In his cross motion, Officer Speciale argues that this court should issue an order pursuant to CPLR 2201 granting a stay of this action pending the resolution of the disciplinary proceeding against Officer Speciale, or in the alternative, an order pursuant to CPLR 3103 granting a protective order denying, limiting, conditioning or regulating the use of the deposition of Officer Speciale, or in the alternative, an order pursuant to CPLR 3104 appointing a referee to supervise the deposition of Officer Speciale and address any privileged objections. Officer Speciale argues that he will be highly prejudiced if a stay of the instant action is not issued as the stay is necessary in order to protect his rights under the collective bargaining agreement between himself and the Port Authority. It is undisputed that said agreement provides that Officer Speciale, as an employee of the Port Authority, is not required “to give any evidence against himself in connection with the investigation of *905 an alleged act of misconduct on his part.” Thus, Officer Spe-ciale contends that a deposition in the instant civil action may-produce “self-incriminatory” evidence, which will then be used against him by the Port Authority in the pending disciplinary proceeding.
Discussion
CPLR 3126 provides, inter alia, that if a party to an action refuses to obey an order for disclosure, the court may issue an order striking out the party’s pleadings. “While actions should be resolved on the merits when possible, a court may strike an answer upon a clear showing that the defendant’s failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct” (Ozeri v Ozeri, 135 AD3d 838, 839 [2d Dept 2016]; Gillen v Utica First Ins. Co., 41 AD3d 647 [2d Dept 2007]). “The willful and contumacious character of a party’s conduct can be inferred from the party’s repeated failure to comply with discovery demands or orders without a reasonable excuse” (Ozeri at 839, citing Commisso v Orshan, 85 AD3d 845 [2d Dept 2011]).
Upon a review of this court’s file and after oral argument, this court denies plaintiffs’ branch of the motion requesting an order to strike Officer Speciale’s answer. While it is undisputed that there were many delays in complying with various court orders, the delays were not solely attributable to Officer Speciale. During oral argument, plaintiffs’ attorney acknowledged that the completion of the parties’ scheduled depositions (except for the last adjourned date of July 13, 2017) was either delayed due to plaintiff Victorialee Arger-Medina’s medical needs or was adjourned on consent. Thus, plaintiffs have failed to show that Officer Speciale’s failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct.
Furthermore, while this court is cognizant of its authority and discretion under CPLR 2201 to “grant a stay of proceedings in a proper case, upon such terms as may be just,” this court does not agree with Officer Speciale that a stay is warranted under the facts underlying this action. While there is no precedent on whether a stay in a civil proceeding is warranted when there is a pending disciplinary proceeding against a codefendant, there is abundant case law that speaks on the analogous issue in the context of when there is a civil case and a criminal action pending that deal with the same occurrence or event. In said context,
*906 “The law is clear that a court is not required to stay a civil action until a pending related criminal prosecution has been terminated so that a party can avoid the difficulty of choosing between presenting evidence in his or her own behalf and asserting his or her Fifth Amendment rights” (Matter of Campbell v New York City Tr. Auth., 32 AD3d 350, 352 [1st Dept 2006]).
“The assertion of the privilege against self-incrimination is an insufficient basis for precluding discovery [in a civil action]” (Fortress Credit Opportunities I LP v Netschi, 59 AD3d 250, 250 [1st Dept 2009]).
In the instant matter, there is no criminal action pending. In fact, it appears unlikely that Officer Speciale will face criminal prosecution in light of the fact that the New York County District Attorney’s Office already conducted an investigation and decided to not prosecute the matter. Thus, while there is a disciplinary proceeding pending against Officer Speciale and, pursuant to a contract between himself and the Port Authority, he has a right to not self-incriminate in said proceeding, same is not a basis to stay the instant proceeding. A stay in this matter would cause undue prejudice to the plaintiffs, who are not parties to or in any way involved with the pending disciplinary proceeding, especially given that the investigation commenced in 2016 and it is uncertain and unclear as to when a determination will be made by the Port Authority with respect to the investigation.
In the alternative, Officer Speciale seeks an order pursuant to CPLR 3103 granting a protective order denying and/or limiting the use of the deposition of Officer Speciale by the Port Authority. Specifically, Officer Speciale argues that this court should issue a protective order denying plaintiffs’ right to depose him, or, in the event that this court orders a deposition, that the Port Authority should be prohibited from using the testimony given in the instant civil matter in its disciplinary proceeding because of the possibility of self-incriminatory evidence that may be given by him at the deposition. However, this court is unwilling to grant said request. In Lloyd v Catholic Charities of Diocese of Albany (23 AD3d 783 [3d Dept 2005]), the Court held that in a civil action related to a stabbing, defendant was not entitled to a protective order precluding his deposition to preserve his privilege against self-incrimination, even though his appeal from a criminal conviction related to the stabbing was pending and he was considering a motion for *907 post-conviction relief. Thus, even in light of the fact that there is a pending disciplinary proceeding against Officer Speciale, which this court deems to be of less severity than facing a possible criminal conviction, Officer Speciale is not entitled to a protective order to preclude the taking of his deposition. Plaintiffs, who again are not involved in the disciplinary proceeding, are entitled to discovery and this court does not discern a compelling reason for delaying the process.
This court notes that the law under CPLR 4501 does grant Officer Speciale protection against self-incrimination. Pursuant to CPLR 4501, a witness is not required to give an answer which will tend to accuse him of a crime or to expose him to a penalty or forfeiture. This protection against self-incrimination does not only apply to the trial of a civil matter, but also applies to the pretrial stages, including examinations before trial. (7 Carmody-Wait 2d § 42:140, citing Gullo v Courtright, 62 Misc 2d 721 [Monroe County Ct 1970].) Therefore, a litigant retains the privilege against self-incrimination during a civil deposition, but that is not a basis for precluding discovery. (Id. )
Accordingly, this court hereby grants plaintiffs’ instant motion only to the extent that this court orders that Officer Spe-ciale appear and answer questions at an examination before trial within 45 days of this order. However, given that Officer Speciale is under an investigation that may lead to a penalty and/or forfeiture with respect to his current employment, CPLR 4501 applies, and therefore Officer Speciale is entitled to rely on the privilege against self-incrimination and to refuse on that ground to answer questions put to him where the danger of self-incrimination exists. (See Lloyd v Catholic Charities of Diocese of Albany, see also Access Capital v DeCicco, 302 AD2d 48, 51 [1st Dept 2002].) However, this court emphasizes that Officer Speciale may only assert the privilege when he reasonably perceives a risk from answering a particular question posed during the deposition. Lastly, this court determines that the appointment of a referee pursuant to CPLR 3104 is unnecessary to supervise the deposition as no unusual circumstances have been shown by Officer Speciale to warrant said relief as the parties may seek judicial intervention to address any privileged objections.
Conclusion
For the foregoing reasons, it is hereby ordered that Officer Speciale appear for a deposition within 45 days of this order; *908 and it is further ordered that plaintiffs’ time to file a note of issue is hereby extended and plaintiffs shall file same within 60 days after the deposition of Officer Speciale is taken.